1  JORDAN ETH (CA SBN 121617)
2  JEth@mofo.com
   JUDSON E. LOBDELL (CA SBN 146041)
3  JLobdell@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California  94105-2482
6  Telephone: 415.268.7000

7  Attorneys for Defendants
8  MARRONE BIO INNOVATIONS, INC., PAMELA G.
   MARRONE, JAMES B. BOYD, DONALD J.
9  GLIDEWELL, ELIN MILLER, RANJEET BHATIA,
   PAMELA CONTAG, TIM FOGARTY, LAWRENCE
10 HOUGH, JOSEPH HUDSON, LES LYMAN,
11 RICHARD ROMINGER, SHAUGN STANLEY, SEAN
   SCHICKEDANZ
12
13 *(Additional Counsel on Signature Page)*
14

15        **UNITED STATES DISTRICT COURT**

16        **EASTERN DISTRICT OF CALIFORNIA**

17

| | |
|---|---|
| 18  SPECIAL SITUATIONS FUND III QP, L.P., AND SPECIAL SITUATIONS CAYMAN FUND, L.P, Individually and On Behalf of All Others Similarly Situated, | Master File No.: 2:14-cv-2571-MCE-KJN |
| 19 | |
| 20 | |
| 21 | Chief Judge Morrison C. England, Jr. |
| 22                    Plaintiffs, | CONSOLIDATED CLASS ACTION |
| 23 | |
| 24  vs. | **STIPULATION AND ORDER (1) SETTING TIME FOR FILING OF AMENDED CONSOLIDATED CLASS ACTION COMPLAINT AND (2) ESTABLISHING** |
| 25  MARRONE BIO INNOVATIONS, INC., PAMELA G. MARRONE, JAMES B. BOYD, DONALD J. GLIDEWELL, HECTOR ABSI, ELIN MILLER, RANJEET BHATIA, | |
| 26 | |
| 27 | |
| 28 | |

PAMELA CONTAG, TIM
FOGARTY, LAWRENCE HOUGH,
JOSEPH HUDSON, LES LYMAN,
RICHARD ROMINGER and
SHAUGN STANLEY,

        Defendants.

**BRIEFING SCHEDULE FOR
RESPONSIVE MOTION(S)**

*(caption continued on the following page)*

JOANN N. MARTINELLI,
Individually and On Behalf of All
Others Similarly Situated,

        Plaintiff,

vs.

MARRONE BIO INNOVATIONS,
INC., PAMELA G. MARRONE,
DONALD J. GLIDEWELL, and
JAMES B. BOYD,

        Defendants.

PAUL SAUSMAN, Individually and
On Behalf of All Others Similarly
Situated,

        Plaintiff,

vs.

MARRONE BIO INNOVATIONS,
INC., PAMELA G. MARRONE,
DONALD J. GLIDEWELL, and
JAMES B. BOYD,

        Defendants.

SUSCHIA CHEN, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

vs.

MARRONE BIO INNOVATIONS, INC., PAMELA G. MARRONE, DONALD J. GLIDEWELL, and JAMES B. BOYD,

Defendants.

*(caption continued on the following page)*

KENT OLDHAM, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

vs.

MARRONE BIO INNOVATIONS, INC., JAMES B. BOYD, DONALD J. GLIDEWELL, PAMELA G. MARRONE, RANJEET BHATIA, TIM FOGARTY, LAWRENCE HOUGH, JOSEPH HUDSON, RICHARD ROMINGER, SEAN SCHICKEDANZ, SHAUGN STANLEY, PIPER JAFFRAY & CO., STIFEL, NICOLAUS & COMPANY, INCORPORATED, ROTH CAPITAL

1
PARTNERS, LLC, and JEFFERIES
LLC,

2

3
                    Defendants.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lead Plaintiffs Special Situations Fund III QP, L.P. and Special Situations Cayman Fund, L.P. ("Lead Plaintiffs") and Defendants Marrone Bio Innovations, Inc. ("MBII" or "the Company"), Pamela G. Marrone, James B. Boyd, Donald J. Glidewell, Hector Absi, Elin Miller, Ranjeet Bhatia, Pamela Contag, Tim Fogarty, Lawrence Hough, Joseph Hudson, Les Lyman, Richard Rominger, Shaugn Stanley, and Sean Schickedanz (collectively, "Defendants"), by and through their respective counsel hereby recite and stipulate, subject to the approval of the Court, the following as concerns (1) the filing of the initial consolidated class action complaint (the "Consolidated Complaint") and the amended consolidated class action complaint (the "Amended Consolidated Complaint"), and (2) the briefing schedule for any responsive motions.

## RECITALS

WHEREAS Lead Plaintiffs filed a class action complaint on November 3, 2014 [Docket No. 1], alleging that Defendants engaged in conduct that violates the federal securities laws, specifically Sections 11 and 15 of the Securities Act of 1933 and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934;

WHEREAS the claims in this action are subject to the Private Securities Litigation Reform Act of 1995 (the "PSLRA");

WHEREAS counsel for Defendants accepted service of the initial complaint on Defendants' behalf, and the parties entered into a stipulation continuing the date by which Defendants must answer or otherwise respond to the complaint until after the Court issued an order pursuant to the PSLRA appointing lead plaintiff(s) and lead counsel [Docket No. 13];

WHEREAS the parties further stipulated that counsel for Defendants would meet and confer with the Court-appointed lead counsel within twenty (20) days following the Court's order appointing lead plaintiff(s) and lead counsel, to determine (i) whether the lead plaintiff(s) will file a Consolidated Complaint, (ii) establish a common response date for all defendants, including a briefing schedule

1  on anticipated motions to dismiss, and (iii) establish a date by which to provide

2  the Court with a Joint Status Report;

3      WHEREAS by Order dated February 13, 2015 [Docket No. 18], this Court

4  consolidated the actions denominated as *Martinelli v. Marrone Bio Innovations,*

5  *Inc.*, No. 2:14-cv-2055-MCE-KJN, *Sausman v. Marrone Bio Innovations, Inc.*,

6  No. 2:14-cv-2072-MCE-KJN, *Chen v. Marrone Bio Innovations, Inc.*, 2:14-cv-

7  2105-MCE-KJN, *Oldham v. Marrone Bio Innovations, Inc.*, 2:14-cv-2130-MCE-

8  KJN, and *Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc.*,

9  No. 2:14-cv-2571-MCE-KJN, designating No. 2:14-cv-2571 as the Master File

10  and administratively closing all of the other consolidated cases;

11      WHEREAS by that same Order, the Court appointed Special Situations

12  Fund III QP, L.P. and Special Situations Cayman Fund, L.P. as Lead Plaintiffs,

13  and Lowenstein Sandler LLP as Lead Counsel;

14      WHEREAS MBII has previously announced that the independent Audit

15  Committee investigation of certain revenue recognition issues is substantially

16  completed, and that, in light of the Audit Committee's findings, MBII's

17  management is evaluating the necessity, nature and scope of any restatements to

18  any of MBII's financial statements previously filed with the Securities and

19  Exchange Commission ("SEC") (the "Financial Statement Review");

20      WHEREAS Lead Plaintiffs intend to file a Consolidated Complaint, and

21  Defendants have indicated that they intend to move to dismiss the Consolidated

22  Complaint pursuant to Fed. R. Civ. P. 12 and any other applicable law;

23      WHEREAS pursuant to the PSLRA, 15 U.S.C. § 78u-4(b)(3)(B), all

24  discovery in this consolidated class action is automatically stayed by operation of

25  law;

26      WHEREAS by Order dated April 16, 2015 [Docket No. 27], this Court

27  directed Lead Plaintiffs to file and serve the Consolidated Complaint no later than

28  thirty (30) days after MBII announces the results of the Financial Statement

1   Review and, if MBII does not announce the results of the Financial Statement
2   Review by May 13, 2015, file and serve the Consolidated Complaint no later than
3   June 1, 2015;

4            WHEREAS on April 23, 2015, MBII announced that (i) its Audit
5   Committee concluded, after consultation with management, that certain financial
6   statements should no longer be relied upon, and (ii) although the Company
7   expects to restate certain of its previously filed financial statements, the
8   Company's evaluation process is ongoing and, accordingly, the Company cannot
9   at this time provide an estimate of the timing, extent, or effect of such restatement
10  (the "Restatement(s)");

11           WHEREAS the Restatement(s) may impact the allegations in the
12  Consolidated Complaint;

13           WHEREAS although Lead Plaintiffs may properly file the Consolidated
14  Complaint at any time, undersigned counsel agree that the interests of justice
15  would be best served by an order directing Lead Plaintiffs to file the Consolidated
16  Complaint after MBII announces the results of the Restatement(s), so as to avoid
17  the expense and delay that would be incurred by further amending the
18  Consolidated Complaint should the Restatement(s) be announced while
19  Defendants' anticipated motion(s) to dismiss are being briefed;

20           WHEREAS by Order dated June 4, 2015 [Docket No. 33], this Court
21  directed Lead Plaintiffs to file and serve the Consolidated Complaint no later than
22  sixty (60) days after MBII announces the Restatement(s);

23           WHEREAS notwithstanding the foregoing, Lead Plaintiffs expect to file an
24  initial Consolidated Complaint on or about September 3, 2015 in order to preserve
25  certain claims from expiration under any applicable statutes of limitation, which
26  will be further amended by the Amended Consolidated Complaint no later than
27  sixty (60) days after MBII announces the Restatement(s).

28

WHEREAS, given Lead Plaintiffs' intent to amend the initial Consolidated Complaint by filing the Amended Consolidated Complaint, the parties agree that defendants need not respond to the initial Consolidated Complaint.  Defendants expressly preserve and do not waive any and all defenses.

## STIPULATION

THEREFORE, IT IS HEREBY STIPULATED AND AGREED by Lead Plaintiffs and Defendants, through their respective counsel of record, as follows:

1.  Lead Plaintiffs will file and serve an initial Consolidated Complaint on or about September 3, 2015 asserting, among other things, certain claims under Section 11 of the Securities Act of 1933.  Such complaint shall be amended by the subsequent filing of the Amended Consolidated Complaint contemplated herein.

2.  Defendants shall have no obligation to respond to such initial Consolidated Complaint.

3.  Lead Plaintiffs shall file and serve the Amended Consolidated Complaint no later than sixty (60) days after MBII announces the Restatement(s).

4.  Defendants shall file and serve any responsive pleading(s) or motion(s) to dismiss no later than sixty (60) days after the filing and service of the Amended Consolidated Complaint.

5.  If a motion to dismiss is filed, Lead Plaintiffs shall file and serve their opposition brief(s) no later than forty-five (45) days after Defendants file and serve their motion(s) to dismiss.

6.  Defendants shall file and serve their reply(ies) in further support of the motion(s) to dismiss no later than twenty-one (21) days after Lead Plaintiffs file and serve their opposition brief(s).

7.  In the event Defendants' motion(s) to dismiss are denied in whole or in part, Lead Plaintiffs and Defendants shall meet and confer within forty-five

(45) days of the Court's disposition of Defendants' motion(s) to dismiss to address
the discovery-related topics set forth in the Court's Order Requiring Joint Status
Report and will thereafter submit to the Court a Rule 26(f) discovery plan
consistent with that Order.

DATED: September 2, 2015          **MORRISON & FOERSTER LLP**


By: _____/s/Judson E. Lobdell_____
          Judson E. Lobdell
          JLobdell@mofo.com
          Jordan Eth
          JEth@mofo.com
          Morrison & Foerster LLP
          425 Market Street
          San Francisco, CA 94105
          Telephone: 415-268-7000
          Facsimile: 415-268-7522

          *Counsel for Defendants Marrone Bio*
          *Innovations, Inc., Pamela G.*
          *Marrone, James B. Boyd, Donald J.*
          *Glidewell, Elin Miller, Ranjeet*
          *Bhatia, Pamela Contag, Tim Fogarty,*
          *Lawrence Hough, Joseph Hudson,*
          *Les Lyman, Richard Rominger,*
          *Shaugn Stanley, and Sean*
          *Schickedanz*

          **LOWENSTEIN SANDLER LLP**


By: _____/s/ Michael J. McGaughey_____
          (As authorized on September 2, 2015)
          Michael J. McGaughey (198617)
          Lowenstein Sandler LLP
          390 Lytton Avenue
          Palo Alto, CA 94301
          Telephone: 415-288-4545
          Fax: 415-288-4534

1                                          mmcgaughey@lowenstein.com

2                                          Lawrence M. Rolnick (*pro hac vice*)

Steven M. Hecht (*pro hac vice*)

3                                          Thomas E. Redburn, Jr. (*pro hac vice*)

Lowenstein Sandler LLP

4                                          1251 Avenue of the Americas

New York, NY 10020

5                                                -and-

6                                          65 Livingston Avenue

Roseland, NJ 07068

7                                          Telephone: 212-262-6700

8                                          Fax: 973-597-2400

lrolnick@lowenstein.com

9                                          shecht@lowenstein.com

10                                       tredburn@lowenstein.com

11                                       *Counsel for Lead Plaintiffs Special*

12                                       *Situations Fund III QP, L.P. and*

*Special Situations Cayman Fund,*

13                                       *L.P.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BROWNSTEIN HYATT FARBER SCHRECK LLP**

By:      */s/ Jonathan C. Sandler*
(As authorized on September 2, 2015)
Jonathan C. Sandler
2049 Century Park East, Suite 3550
Los Angeles, CA 90067
Telephone: 310-500-4600
Facsimile: 310-500-4602

*Counsel for Defendant Hector Absi*

**ORDER**

Pursuant to the above stipulation, it is hereby ordered as follows:

1. Lead Plaintiffs will file and serve an initial Consolidated Complaint on or about September 3, 2015 asserting, among other things, certain claims under Section 11 of the Securities Act of 1933. Such complaint shall be amended by the subsequent filing of the Amended Consolidated Complaint contemplated herein.

2. Defendants shall have no obligation to respond to such initial Consolidated Complaint.

3. Lead Plaintiffs shall file and serve the Amended Consolidated Complaint no later than sixty (60) days after MBII announces the Restatement(s).

4. Defendants shall file and serve any responsive pleading(s) or motion(s) to dismiss no later than sixty (60) days after the filing and service of the Amended Consolidated Complaint.

5. If a motion to dismiss is filed, Lead Plaintiffs shall file and serve their opposition brief(s) no later than forty-five (45) days after Defendants file and serve their motion(s) to dismiss.

6. Defendants shall file and serve their reply(ies) in further support of the motion(s) to dismiss no later than twenty-one (21) days after Lead Plaintiffs file and serve their opposition brief(s).

///

///

///

///

///

///

1    7.    In the event Defendants' motion(s) to dismiss are denied in whole or

2  in part, Lead Plaintiffs and Defendants shall meet and confer within forty-five

3  (45) days of the Court's disposition of Defendants' motion(s) to dismiss to address

4  the discovery-related topics set forth in the Court's Order Requiring Joint Status

5  Report and will thereafter submit to the Court a Rule 26(f) discovery plan

6  consistent with that Order.

7    IT IS SO ORDERED.

8  Dated:  September 8, 2015

9

10   _____

11   MORRISON C. ENGLAND, JR., CHIEF JUDGE
     UNITED STATES DISTRICT COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28