1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   SPECIAL SITUATIONS FUND III QP,          No. 2:14-cv-02571-MCE-KJN
     L.P., et al.,
12                                            CONSOLIDATED CLASS ACTION
                       Plaintiffs,
13                                            **MEMORANDUM AND ORDER**

          v.
14
     MARRONE BIO INNOVATIONS, INC.,
15   et al.,

16                     Defendants.

17

18        Plaintiffs in this consolidated class action charge Defendant Marrone Bio

19   Innovations, Inc., ("Marrone Bio"), certain of its officers and directors, and its public

20   auditor, Ernst & Young, with violating federal securities laws (i.e., Section 11 of the

21   Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934).

22   According to Plaintiffs, they were defrauded of millions of investment dollars based on

23   the financial reporting fraud of Marrone Bio and its Chief Operating Officer and head of

24   sales, Defendant Hector Absi.  Presently before the Court is Plaintiffs' Motion to Amend

25   the Amended Complaint (ECF No. 57).  For the reasons set forth below, that Motion is

26   GRANTED.[1]

27   _____
         [1] Because oral argument would not be of material assistance, the Court ordered this matter
28   submitted on the briefs.  E.D. Cal. Local Rule 230(g).

1

**ANALYSIS**

2

3        Plaintiffs filed their operative Second Consolidated Amended Complaint ("SAC")

4   on January 11, 2016.  ECF No. 44.  The following day, Marrone Bio entered an

5   agreement with the SEC to resolve an as-yet-filed suit the SEC was preparing against it.

6   A few weeks later, the SEC filed two civil actions, one against Marrone Bio that had

7   already been resolved by way of an agreed-upon $1.75 million civil fine, Case No. 2:16-

8   cv-00321-MCE-KJN, and one against Defendant Absi, Case No. 2:16-cv-00320-MCE-

9   KJN.  That same day, the United States Attorney unsealed a sixteen-count criminal

10  indictment in Case No. 2:16-cr-00027-MCE against Defendant Absi as well.  Just a few

11  weeks later, Plaintiffs sought leave to amend their SAC to add allegations gleaned from

12  these newly filed public documents.  More specifically, Plaintiffs contend that these new

13  SEC and criminal filings show that Absi's fraudulent scheme originated much earlier than

14  initially thought, and, according to Plaintiffs, made clear that the scope of Plaintiffs' strict

15  liability claim against Ernst and Young needs to be clarified.

16       Courts should "freely give leave when justice so requires," Fed. R. Civ. P.

17  15(a)(2), and the Ninth Circuit has noted that the policy is one "to be applied with

18  extreme liberality," Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th

19  Cir. 1990).  In exercising its discretion to permit or deny a party to amend its pleading,

20  this Court considers five factors: (1) whether the amendment was filed with undue delay;

21  (2) whether the movant has requested the amendment in bad faith or as a dilatory tactic;

22  (3) whether the movant was allowed to make previous amendments which failed to

23  correct deficiencies of the complaint; (4) whether the amendment will unduly prejudice

24  the opposing party; and (5) whether the amendment would be futile.  Foman v. Davis,

25  371 U.S. 178, 182 (1962).  Whether amendment will unduly prejudice the opposing party

26  is the most important factor in a court's analysis under Rule 15(a).  Eminence Capital,

27  LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  Consideration of each of

28  these factors favors permitting amendment here.

1    Ernst and Young is the only Defendant who opposes Plaintiffs' Motion, and it has

2    pointed to no prejudice it will suffer, nor can the Court conceive of any, if leave to amend

3    is granted.  To the contrary, no Defendant has yet responded to the SAC and no

4    discovery has commenced.  Simply having to defend against newly fashioned

5    allegations is not enough to warrant denying Plaintiffs' request.  Nor have Plaintiffs

6    unduly delayed or engaged in bad faith conduct in filing the instant Motion.  This case is

7    unique in that it presents a situation where Defendants' actions resulted not only in an

8    investor suit, but also in SEC civil complaints and federal criminal charges.  It is entirely

9    understandable, and indeed imminently foreseeable, that these latter filings would result

10   in a need to amend Plaintiffs' current pleadings.  Then, in very short order after the SEC

11   complaints were filed and the criminal indictment unsealed, Plaintiffs drafted a proposed

12   Third Amended Complaint, sought to proceed by stipulation, and moved for leave to file

13   that complaint when agreement proved impossible.  Plaintiffs did not delay, and nothing

14   in the record indicates their proposed amendments are the result of any bad faith.

15   Finally, regardless whether Ernst and Young believes it will inevitably succeed in

16   defending against Plaintiffs' new allegations, nothing before the Court indicates that the

17   amended claims are futile.  Accordingly, leave to amend must be freely given here.[2]

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   
      _____

      [2] For the same reasons the Court has rejected Ernst and Young's arguments in opposition to
26   amendment, namely on grounds that it finds no bad faith or futility of amendment, the Court also rejects
      Ernst and Young's additional invitation to require Plaintiffs to post a bond under 15 U.S.C. § 77k(e).  See
27   Weil v. Investment/Indicators, Research and Management, Inc., 647 F.2d 18, 22 (9th Cir. 1981)
      (explaining that "[t]he appropriate standard for determining whether an undertaking should be required is
      whether the defendants have shown that the plaintiff has commenced her suit in bad faith or that her claim
28   borders on the frivolous") (internal citations and quotations omitted).

1

**CONCLUSION**

2

3        For the reasons stated above, Plaintiff's Motion to Amend the Amended

4   Complaint (ECF No. 57) is GRANTED.  Not later than five (5) days following the date this

5   Memorandum and Order is electronically filed, Plaintiffs are directed to file their Third

6   Amended Complaint.

7        IT IS SO ORDERED.

8   Dated:  May 26, 2016

9

10                                          MORRISON C. ENGLAND, JR
                                            UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4