# EXHIBIT C

1

2                     **UNITED STATES DISTRICT COURT**

3                   **EASTERN DISTRICT OF CALIFORNIA**

4

| | |
|---|---|
| SPECIAL SITUATIONS FUND III QP, L.P., SPECIAL SITUATIONS CAYMAN FUND, L.P, and DAVID M. FINEMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>         Plaintiffs,<br><br>vs.<br><br>MARRONE BIO INNOVATIONS, INC., PAMELA G. MARRONE, JAMES B. BOYD, DONALD J. GLIDEWELL, HECTOR ABSI, ELIN MILLER, RANJEET BHATIA, PAMELA CONTAG, TIM FOGARTY, LAWRENCE HOUGH, JOSEPH HUDSON, LES LYMAN, RICHARD ROMINGER, SHAUGN STANLEY, SEAN SCHICKEDANZ, and ERNST & YOUNG LLP,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Master No.: 2:14-cv-2571-MCE-KJN<br><br>Hon. Morrison C. England, Jr.<br><br>CONSOLIDATED CLASS ACTION<br><br>**DECLARATION OF JENNIFER M. VEITENGRUBER REGARDING NOTICE DISSEMINATION AND PUBLICATION** |

1     I, JENNIFER M. VEITENGRUBER, declare and state as follows:

2     1.    I am a Director of Operations for the Garden City Group, LLC ("GCG"). Pursuant to the Court's Order Preliminarily Approving Proposed Settlement and Providing for Notice, dated July 7, 2016 (the "Order"), GCG was appointed to act as the Claims Administrator in connection with the proposed Settlement in the above-captioned Action.[1]  The following statements are based on my personal knowledge and information provided by GCG employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

## DISSEMINATION OF THE NOTICE PACKET

2.    Pursuant to the Order, GCG disseminated the Notice of (I) Pendency and Certification of Settlement Class; (II) Proposed Settlement; (III) Settlement Hearing; and (IV) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") and the Proof of Claim and Release Form ("Proof of Claim," and collectively with the Notice, the "Notice Packet") to potential Settlement Class Members.  A copy of the Notice Packet is attached hereto as Exhibit A.

3.    On July 12, 2016, Settling Defendants' Counsel forwarded to GCG a transfer agent file containing 191 unique names and addresses.  GCG was informed that this file contained the names and addresses of persons and entities who purchased, in their own name, Marrone Bio Innovations, Inc. ("MBI") publicly traded common stock as required under Paragraph 8(a) of the Order.  GCG loaded these records into a database established for this Action.

4.    On July 19, 2016, the Notice Date, Notice Packets were disseminated by first-class mail to the 191 potential Settlement Class Members identified above.

5.    As in most class actions of this nature, the large majority of potential Settlement Class Members are beneficial purchasers whose securities are held in "street name" – i.e., the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Stipulation and Agreement of Settlement (the "Stipulation") and/or the Order.

DECL. REGARDING NOTICE DISSEMINATION AND PUBLICATION
MASTER FILE No. 2:14-cv-2571-MCE-KJN

1  in the name of the nominee, on behalf of the beneficial purchasers. GCG maintains a

2  proprietary database with names and addresses of the largest and most common banks,

3  brokerage firms, and nominees, including the national and regional offices of certain nominees

4  (the "Nominee Database"). GCG's Nominee Database is updated from time to time as new

5  nominees are identified, and others cease to exist. At the time of the initial mailing, the

6  Nominee Database contained 1,932 mailing records. On July 19, 2016, GCG caused Notice

7  Packets to be mailed to the 1,932 mailing records contained in GCG's Nominee Database

8      6.      In total, on July 19, 2016, 2,123 Notice Packets were timely mailed to potential

9  Settlement Class Members and their nominees by first-class mail as required in the Order.

10      7.      In that regard, the Order also required that nominees who purchased MBI

11  common stock during the class period for the beneficial interest of a person or organization

12  other than themselves, within seven calendar days of receipt of the Notice, either (a) provide to

13  GCG the names and addresses of such beneficial owners such that GCG could send them copies

14  of the Notice Packet directly; or (b) request from GCG sufficient copies of the Notice Packet to

15  forward to all such beneficial owners and within seven calendar days of receipt of those Notice

16  Packets forward them to all such beneficial owners. As of the date of this declaration, GCG had

17  received 9,406 additional names and addresses of potential Settlement Class Members from

18  individuals and from brokerage firms, banks, institutions, and other nominees. Also, GCG has

19  received requests from brokers and other nominee holders for 972 Notice Packets to be

20  forwarded to them to thereafter be forwarded to their customers. All such requests have been

21  complied with and will continue to be complied with in a timely manner.

22                      **THE PUBLICATION NOTICE**

23      8.      The Court's Order also directed that not later than July 26, 2016, the Summary

24  Notice be published once in *The Wall Street Journal* and be disseminated once over the *PR*

25  *Newswire*. Accordingly, on July 21, 2016, the Summary Notice was published in *The Wall*

26  *Street Journal* and disseminated over the *PR Newswire*. A copy of the Summary Notice and the

27  confirmations of publication are attached hereto as Exhibit B.

28

**TELEPHONE HOTLINE**

9.      Beginning on July 14, 2016, GCG established and continues to maintain an automated toll-free telephone number (1-855-907-3227) to accommodate inquiries from potential Settlement Class Members and to respond to frequently asked questions.   The interactive voice response system dedicated to this Settlement is accessible 24 hours a day, 7 days a week, with live operators available during business hours.

**WEBSITE**

10.      GCG established and is maintaining a website dedicated to the Settlement (www.MBISecuritiesLitigationSettlement.com) to assist potential Settlement Class Members. The website lists the exclusion, objection, and claim filing deadlines, as well as the date, time, and location of the Court's final approval hearing.  Copies of the Notice, the Proof of Claim, the Stipulation, and the Order are posted on the website and may be downloaded by potential Settlement Class Members.  In addition, the website contains a link to a document that contains detailed instructions for institutions submitting their claims electronically.   The settlement website became operational on July 14, 2016, and is accessible 24 hours a day, 7 days a week.

**REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS RECEIVED**

11.      Paragraph 85 of the Notice informs potential Settlement Class Members that any written requests for exclusion must be received no later than September 8, 2016, addressed to MBI Securities Litigation, c/o Garden City Group, LLC, P.O. Box 10287, Dublin, OH 43017-5887. The Notice also sets forth the information that must be included in each request for exclusion. GCG has been monitoring all mail delivered to that Post Office Box.  To date, GCG has not received any requests for exclusion from potential Settlement Class Members.

12.      Settlement Class Members were also informed, in paragraph 91 of the Notice, that if they do not request exclusion, they may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections are to be filed with the Clerk's Office, and served on Lead Counsel and Settling Defendants' counsel, so that they are received on or before September 8,

1   2016.  GCG has not directly received any objections from Settlement Class Members as of the

2   date of this Declaration, and is not aware of any objections having been filed.

3

4        I declare under penalty of perjury, under the laws of the United States, that the foregoing

5   is true and correct.

6        Executed in Seattle, Washington on _____August 23_____, 2016.

7

8

9                               Jennifer M. Veitengruber

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPECIAL SITUATIONS FUND III QP, L.P., SPECIAL SITUATIONS CAYMAN FUND, L.P., and DAVID M. FINEMAN, Individually and On Behalf of All Others Similarly Situated, | ) Master No.: 2:14-cv-2571-MCE-KJN ) ) Hon. Morrison C. England, Jr. ) ) |
| Plaintiffs, | ) CONSOLIDATED CLASS ACTION ) |
| vs. | ) **NOTICE OF (I) PENDENCY AND CERTIFICATION OF** ) **SETTLEMENT CLASS; (II) PROPOSED** ) **SETTLEMENT; (III) SETTLEMENT HEARING; AND** ) **(IV) MOTION FOR AN AWARD OF ATTORNEYS'** |
| MARRONE BIO INNOVATIONS, INC., PAMELA G. MARRONE, JAMES B. BOYD, DONALD J. GLIDEWELL, HECTOR ABSI, ELIN MILLER, RANJEET BHATIA, PAMELA CONTAG, TIM FOGARTY, LAWRENCE HOUGH, JOSEPH HUDSON, LES LYMAN, RICHARD ROMINGER, SHAUGN STANLEY, SEAN SCHICKEDANZ, and ERNST & YOUNG LLP, | ) **FEES AND REIMBURSEMENT OF LITIGATION** ) **EXPENSES** ) ) ) ) ) ) |
| Defendants | ) ) |

TO:     All persons or entities who or which (i) purchased or otherwise acquired the common stock of Marrone Bio Innovations, Inc. ("MBI" or "the Company") directly in or traceable to the Company's August 1, 2013 initial public offering pursuant to MBI's Form S-1 Registration Statement, dated July 1, 2013, and its Prospectus, dated August 1, 2013 (the "IPO"), and were damaged thereby (the "IPO Claimants"); (ii) purchased or otherwise acquired MBI common stock directly in or traceable to the Company's secondary offering pursuant to MBI's Form S-1 Registration Statement, dated May 16, 2014, and its Prospectus dated June 5, 2014 (the "Secondary Offering"), and were damaged thereby (the "Secondary Claimants"); and (iii) purchased or otherwise acquired MBI common stock on the open market between August 1, 2013 and November 10, 2015, inclusive, and were damaged thereby (the "Section 10(b) Claimants").[1]

### _A Federal Court authorized this Notice.  This is not a solicitation from a lawyer._

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Eastern District of California (the "Court").

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs, Special Situations Fund III QP, L.P. and Special Situations Cayman Fund, L.P., ("Lead Plaintiffs" or "The Funds"), and additional named Plaintiff David M. Fineman ("Fineman" and, together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the other members of the Settlement Class (as defined in ¶ 32 below), have reached a proposed settlement of the Action with Defendants MBI, Pamela G. Marrone, James B. Boyd, Donald J. Glidewell, Hector Absi, Elin Miller, Tim Fogarty, Richard Rominger, Shaugn Stanley, Ranjeet Bhatia, Lawrence Hough, Joseph Hudson, Sean Schickedanz, Pamela Contag, and Les Lyman (collectively, the "Individual Defendants," with MBI, the "Settling Defendants," and together with Plaintiffs, the "Settling Parties") for $12,000,000 in cash (the "Settlement").  THIS SETTLEMENT DOES NOT RESOLVE CLASS CLAIMS AGAINST DEFENDANT ERNST & YOUNG LLP ("EY" or the "Non-Settling Defendant").  THE LITIGATION WILL CONTINUE AS AGAINST THE NON-SETTLING DEFENDANT.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Settling Defendants, MBI, their counsel, or Plaintiffs.  All questions should be directed to the Claims Administrator or Lead Counsel (see ¶ 99 below).**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated June 16, 2016 (the "Stipulation"), which is available at www.MBISecuritiesLitigationSettlement.com.

1.    **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that Defendants MBI, Pamela G. Marrone, James B. Boyd, Donald J. Glidewell, Hector Absi, Elin Miller, Tim Fogarty, Richard Rominger, Shaugn Stanley, Ranjeet Bhatia, Lawrence Hough, Joseph Hudson, Sean Schickedanz, Pamela Contag, Les Lyman made false and misleading statements regarding MBI during the Settlement Class Period, in violation of the federal securities laws. A more detailed description of the Action is set forth in ¶¶ 11-31 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 32 below.

2.    **Statement of the Settlement Class's Recovery:** Subject to Court approval, Plaintiffs, on behalf of themselves and the other members of the Settlement Class, have agreed to settle with the Settling Defendants in exchange for a settlement payment of $12,000,000 in cash (the "Settlement Amount"), which has been deposited into an escrow account controlled by Lead Counsel. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed to Settlement Class Members in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 8-12 below.

3.    **Estimate of Average Amount of Recovery Per Share:** Based on Plaintiffs' damages expert's estimate of the number of shares of MBI common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) is $0.64 per affected share of MBI common stock. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased or sold their shares and the total number of shares for which valid Claim Forms are submitted.

4.    **Average Amount of Damages Per Share:** The Settling Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, the Settling Defendants do not agree that they violated the federal securities laws or that damages were suffered (at all, or in the amount contended by Plaintiffs) by any members of the Settlement Class as a result of their conduct.

5.    **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting this Action on a wholly contingent basis since its inception in 2014, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute the Action. Court-appointed Lead Counsel, Lowenstein Sandler LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $450,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to its representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. If the Court approves Lead Counsel's fee and expense application, the estimated average cost per affected share of MBI common stock will be approximately $0.18.

6.    **Identification of Attorneys' Representatives:** Plaintiffs and the Settlement Class are represented by Steven M. Hecht, Esq., Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020, (212) 262-6700.

7.    **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or delays inherent in further litigation, including the risks of collectability based on MBI's financial situation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after further contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. The Settling Defendants, each of whom denies all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN OCTOBER 2, 2016.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 39 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 40 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN SEPTEMBER 8, 2016.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Settling Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN SEPTEMBER 8, 2016.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON SEPTEMBER 22, 2016 AT 2:00 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN SEPTEMBER 8, 2016.** | Any Settlement Class Member may attend the Settlement Hearing. Filing a written objection and notice of intention to appear by August 11, 2016 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, if you also file a notice of intention to appear, speak to the Court about your objection at the discretion of the Court. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

---

## WHAT THIS NOTICE CONTAINS

**Why Did I Get This Notice?** ...............................................................................................Page 4

**What Is This Case About?** ..................................................................................................Page 4

**How Do I Know If I Am Affected By The Settlement?**

    Who Is Included In The Settlement Class?.....................................................................Page 5

**What Are the Plaintiffs' Reasons For The Settlement?** .....................................................Page 6

**What Might Happen If There Were No Settlement?** ..........................................................Page 6

**How Are Settlement Class Members Affected By The Action And The Settlement?** ................Page 6

**How Do I Participate In The Settlement?**

    What Do I Need To Do? ..................................................................................................Page 7

**How Much Will My Payment Be?** ........................................................................................Page 7

**What Payment Are The Lawyers For The Settlement Class Seeking?**

    How Will The Lawyers Be Paid? ...................................................................................Page 12

**What If I Do Not Want To Be A Member Of The Settlement Class?**

    How Do I Exclude Myself? .............................................................................................Page 12

**When And Where Will The Court Decide Whether To Approve The Settlement?**

    Do I Have To Come To The Hearing?

    May I Speak At The Hearing If I Don't Like The Settlement?.......................................Page 13

**What If I Bought Shares On Someone Else's Behalf?** ........................................................Page 14

**Can I See The Court File?**

    Whom Should I Contact If I Have Questions? ...............................................................Page 14

8.      The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* ¶ 89 below for details about the Settlement Hearing, including the date and location of the hearing.

9.      The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased MBI common stock during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.

10.      The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court has not yet decided whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.      This case is a securities class action and is known as *Special Situations Funds III QP, L.P. v. Marrone Bio Innovations, Inc., et al.*, Master No. 14-cv-2571-MCE-KJN.  The Court in charge of the case is the United States District Court for the Eastern District of California, and the presiding judge is the Honorable Morrison C. England, Jr.

12.      On and after September 5, 2014, five putative class action complaints were filed with the Court.[2]

13.      On February 4, 2015, MBI announced that its Audit Committee investigation of certain revenue recognition issues was substantially complete, and that MBI's management was evaluating the necessity, nature, and scope of any restatements to certain of its financial statements previously filed with the U.S. Securities and Exchange Commission (the "SEC").

14.      By Order dated February 13, 2015, the Court consolidated the Related Actions and appointed the Funds Lead Plaintiffs for the Action and approved Lead Plaintiffs' selection of Lowenstein Sandler LLP as Lead Counsel.

15.      During the pendency of the Audit Committee's review, the Court so ordered a number of stipulations extending Lead Plaintiffs' deadline to file a consolidated amended complaint until after the results of the financial statement review were announced.

16.      On September 1, 2015, Plaintiffs filed and served a Consolidated and Amended Class Action Complaint (the "Amended Complaint"), to preserve certain claims under applicable statutes of limitation.  The Amended Complaint added a claim under Section 11 of the Securities Act of 1933 (the "Securities Act") against EY, MBI's public auditor.

17.      On November 10, 2015, MBI announced the final results of the Audit Committee's review, restating the Company's (1) periodic financial statements for all four quarters of 2013, (2) audited financial statements for fiscal year 2013, and (3) unaudited financial statements for the first and second quarters of 2014.

18.      On January 11, 2016, Plaintiffs filed and served a Second Consolidated Amended Class Action Complaint for Violations of the Federal Securities Law.

19.      On February 17, 2016, the SEC filed lawsuits against MBI and Absi (the "SEC Complaints"), alleging civil violations of the federal securities laws.  That same day the United States Attorney for the Eastern District of California unsealed an indictment that alleges that Absi committed, *inter alia*, securities fraud (the "Indictment").

20.      In February 2016, MBI entered into a settlement agreement with the SEC.  On March 8, 2016, the U.S. District Court for the Eastern District of California entered a final order reflecting the terms of the settlement between MBI and the SEC, and ordered the case closed.

21.      Plaintiffs incorporated certain allegations from the SEC Complaints and the Indictment into a Third Consolidated Amended Class Action Complaint for Violations of the Federal Securities Law (the "Third Amended Complaint"), filed with leave of Court on June 2, 2016.  The Third Amended Complaint alleges seven causes of action, on behalf of three classes of investors in MBI common stock.

---

[2] The five actions are:  (1) *Martinelli v. Marrone Bio Innovations, Inc.*, No. 2:14-cv-2055-MCE-KCN (filed Sept. 5, 2014); (2) *Sausman v. Marrone Bio Innovations, Inc.*, No. 2:14-cv-2072-MCE-KJN (filed Sept. 8, 2014); (3) *Chen v. Marrone Bio Innovations, Inc.*, No. 2:14-cv-2105-MCE-KJN (filed Sept. 11, 2014); (4) *Oldham v. Marrone Bio Innovations, Inc.*, No. 2:14-cv-2130-MCE-KJN (filed Sept. 15, 2014); and (5) *Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc.*, No. 14-cv-2571-MCE-KJN (filed Nov. 3, 2014).

22.     The First Cause of Action in the Third Amended Complaint alleges violations of Section 11 of the Securities Act against Defendants MBI, Marrone, Glidewell, Miller, Fogarty, Rominger, Stanley, Bhatia, Hough, Hudson, and Schickedanz.  The Second Cause of Action alleges violations of Section 15 of the Securities Act against Defendants Marrone and Glidewell.  The Third Cause of Action alleges violations of Section 11 of the Securities Act against Defendants MBI, Marrone, Boyd, Miller, Fogarty, Rominger, Stanley, Bhatia, Hough, Hudson, Contag, and Lyman.  The Fourth Cause of Action alleges violations of Section 15 of the Securities Act against Defendants Marrone and Boyd.  The Fifth Cause of Action alleges violations of Section 11 of the Securities Act against Defendant EY.  The Sixth Cause of Action alleges violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") against Defendants MBI and Absi.  The Seventh Cause of Action alleges violations of Section 20(a) of the Exchange Act against Defendants Marrone, Glidewell, Absi, and Boyd.

23.     The Third Amended Complaint alleges that, among other things, Defendants made false and misleading statements regarding MBI's revenues, gross profit, and net loss, in violation of generally accepted accounting principles ("GAAP").  The Third Amended Complaint alleges that as a result of these false and misleading statements, certain members of the Settlement Class suffered a statutory measure of damages under the Securities Act.  The Third Amended Complaint further alleges that the price of MBI's common stock was artificially inflated as a result of Defendants' false and misleading statements and omissions, and declined when the truth was revealed.

24.     On January 28, 2016, the Settling Parties and MBI, by way of a Joint Stipulation and Proposed Order (the "Joint Stipulation"), informed the Court that they intended to enlist assistance of a mediator to help them explore a potential partial resolution of the Action.

25.     On February 4, 2016, the Court so ordered the Joint Stipulation, deferring the Action as to the Settling Defendants pending the outcome of the contemplated mediation proceeding.

26.     On April 4, 2016, Lead Counsel and counsel for the Settling Defendants participated in an in-person mediation (the "Mediation") before Jed D. Melnick, Esq. (the "Mediator").

27.     After arm's-length negotiations and discussions with the Mediator, the Settling Parties reached an agreement in principle to settle the Action.

28.     MBI subsequently provided to Lead Counsel discovery sufficient for Lead Counsel to confirm the fairness and adequacy of the settlement in principle agreed to at the Mediation.

29.     On June 16, 2016, the Settling Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the terms and conditions of the Settlement.  The Stipulation can be viewed at www.MBISecuritiesLitigationSettlement.com.

30.     On July 7, 2016, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

31.     Each of the Settling Defendants expressly denies that they have violated the federal securities laws or any other laws. Each of the Settling Defendants also have denied and continue to deny specifically each and all of the claims and contentions alleged in the Action.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
**WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

32.     If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> All persons or entities who or which (i) purchased or otherwise acquired MBI common stock directly in or traceable to the Company's August 1, 2013 initial public offering pursuant to MBI's Form S-1 Registration Statement, dated July 1, 2013, and its Prospectus, dated August 1, 2013, and were damaged thereby; (ii) purchased or otherwise acquired MBI common stock directly in or traceable to the Company's secondary offering pursuant to MBI's Form S-1 Registration Statement, dated May 16, 2014, and its Prospectus dated June 5, 2014, and were damaged thereby; and (iii) purchased or otherwise acquired MBI common stock on the open market between August 1, 2013 and November 10, 2015, inclusive (the "Section 10(b) Class Period"), and were damaged thereby.

Excluded from the Settlement Class are the Settling Defendants; members of the Immediate Family of each of the Individual Defendants; the Officers and/or directors of MBI during the Settlement Class Period; and any firm, trust, corporation, or other entity in which any Settling Defendant has or had a controlling interest.  Also excluded from the Settlement Class are any persons or entities that exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  The Court's decision to certify this Settlement Class for purposes of the Settlement will have no effect on whether or not a class may be certified later for any claim against, or any issue regarding, the Non-Settling Defendant.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page 12 below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE MONEY FROM THE SETTLEMENT.  IF YOU ARE A**

**SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN OCTOBER 2, 2016.**

---

## WHAT ARE THE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

33.     Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit.  Plaintiffs and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue the claims asserted in the Action through trial and appeals, as well as the very substantial risks they would face in establishing loss causation and class-wide damages.  Plaintiffs recognize that Defendants have substantial arguments that the decline in MBI's stock price during the Settlement Class Period was not caused by revelations concerning the Company's previously reported financial information, and even if some portion of the decline in MBI's stock price was caused by these revelations, damages were minimal.  Had any of these arguments been accepted in whole or part, they could have eliminated or, at a minimum, dramatically limited any potential recovery.  Further, Plaintiffs would have had to prevail at several stages – class certification, motion for summary judgment and trial – and if it prevailed at those stages, the appeals that were likely to follow.  Moreover, there were also very real risks to recovering a judgment any larger than the Settlement in light of MBI's financial condition and limited officers' and directors' insurance.  Thus, there were significant risks attendant to the continued prosecution of the Action.

34.     In light of these risks and the immediacy of the $12,000,000 cash recovery, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is an excellent result, and is in the best interests of the Settlement Class.

35.     The Settling Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Each of the Settling Defendants denies the claims asserted against it, him, or her in the Action and denies having engaged in any wrongdoing or violation of law of any kind whatsoever.

---

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

36.     If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Settling Defendants.  Also, if the Settling Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.  Finally, if the Settling Defendants' applicable insurance coverage were depleted and MBI's financial condition further deteriorated, it would have likely reduced or eliminated the possibility of an equivalent recovery, or any recovery at all, for the Settlement Class regardless of the merits of the claims.

---

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

37.     As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel.  Class Members may enter an appearance through an attorney if they so desire, but such counsel must file and serve a notice of appearance as provided in ¶ 95 below and will be retained at the individual Class Member's expense.

38.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 39 below) against the Settling  Defendants and the other Defendants' Releasees (as defined in ¶ 40 below), and will forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

39.     "Released Plaintiffs' Claims" means any and all claims, rights, causes of action and liabilities of every nature and description, whether known claims or Unknown Claims, whether arising under any federal, state, foreign, statutory or common law, or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, matured or unmatured, liquidated or unliquidated, at law or in equity, whether class or individual in nature, that Plaintiffs or any other member of the Settlement Class: (a) asserted in the Complaint or in any complaint filed in the Action or any Related Action, or (b) asserted, could have asserted, might have asserted, or in the future assert in the Action or in any other action or in any other forum and that arise out of, are based upon, are related to, or are in consequence of any of the allegations, transactions, facts, matters, occurrences, events, disclosures, statements, representations, or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of MBI common stock during the Settlement Class Period, or that otherwise would have been barred by *res judicata* had the Action been certified as a class action on behalf of the Class proposed to be certified in the Complaint and litigated to a final judgment. Released Plaintiffs' Claims do not include any of the Excluded Claims.

6

40.     "Defendants' Releasees" means the Settling Defendants and the Underwriters, and all of their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, Immediate Family, insurers and reinsurers, and attorneys, in their capacities as such.

41.     "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, Plaintiffs and the Settling Defendants stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and the Settling Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

    A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and the Settling Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

42.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 44 below) against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 45 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

43.     The Court may decide at the Settlement Hearing that it should revise the Judgment so that it specifies that the Non-Settling Defendant will be entitled to a judgment-reduction credit of the amount corresponding to the Settling Defendants' proportionate fault or the amount paid to the Settlement Class in this Settlement, whichever is greater.  The Court's decision on this issue, if any, may affect the claim against the Non-Settling Defendant.  Furthermore, the Court may decide at the Settlement Hearing to revise the Judgment so that it bars to the same extent claims both by and against the Defendants' Releasees and the Non-Settling Defendant. The Settling Parties do not anticipate that the Settlement will be adversely affected if the Court takes either or both of these actions.

44.     "Released Defendants' Claims" means any and all claims, rights, causes of action, and liabilities of every nature and description, whether known claims or Unknown Claims, whether arising under any federal, state, foreign, statutory, or common law, or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, matured or unmatured, liquidated or unliquidated, at law or in equity, that arise out of, are based upon, are related to, or are in consequence of the institution, prosecution, or settlement of the claims brought in the Action by Plaintiffs and their attorneys, including Plaintiffs' Counsel, against the Settling Defendants, except for claims relating to the enforcement of the Settlement.

45.     "Plaintiffs' Releasees" means Plaintiffs and their attorneys, including Plaintiffs' Counsel, and their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, Immediate Family, insurers and reinsurers, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

46.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than October 2, 2016**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.MBISecuritiesLitigationSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at (855) 907-3227 or by emailing the Claims Administrator at MBISecuritiesLitigationSettlement@GardenCityGroup.com.  Please retain all records of your ownership of and transactions in MBI common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

47.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.  A Claimant's recovery will depend upon several factors, including when and at what prices he, she, or it purchased or sold the shares, and the total number of shares for which valid Claim Forms are submitted.

48.     Pursuant to the Settlement, the Settling Defendants' insurance carriers have, on behalf of the Individual Defendants, deposited $12 million into an escrow account controlled by Lead Counsel.  The Settlement Amount plus any interest earned thereon is referred to as the "Net Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement

Fund will be distributed to Settlement Class Members who submit valid Claim Forms in accordance with the Proposed Plan of Allocation or such other plan of allocation as the Court may approve.

49.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

50.     Neither the Settling Defendants, the Settling Defendants' insurance carriers, nor any other person or entity that paid any portion of the Settlement Amount on behalf of the Settling Defendants is entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  The Settling Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

51.     Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

52.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form **postmarked on or before October 2, 2016** shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 39 above) against the Defendants' Releasees (as defined in ¶ 40 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

53.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

54.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

55.     Only Settlement Class Members, *i.e.*, persons and entities who or which purchased certain MBI common stock during the Settlement Class Period and were damaged as a result of such purchases (as defined more fully above), will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only security that is included in the Settlement is MBI common stock.

## PROPOSED PLAN OF ALLOCATION

56.     The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Funds.

57.     The Plan of Allocation reflects Plaintiffs' damages expert's analysis taken to that end, including a review of publicly available information regarding MBI and statistical analyses of the price movements of MBI common stock and the price performance of relevant market and industry indices during the Settlement Class Period as well as the statutory provisions for recovery under a claim for violation of Section 11 of the Securities Act.

58.     As discussed above, claims were asserted in the Action under both the Securities Act and the Exchange Act.  Not all Defendants, however, were alleged to have violated both Acts.  Moreover, there are material differences imposed by law on who can recover under each theory, and the showings necessary to recover under the two Acts are materially different.  For instance, it is unnecessary to demonstrate Defendants' scienter to recover under the Securities Act.  The Plan of Allocation recognizes these considerations and the requirements imposed by law as to who is eligible to recover under the different theories asserted in the Action.  Accordingly, the proceeds of the Settlement will be distributed to the Settlement Class Members based on the claims they have and, to that end, the proceeds will be divided into three separate funds as follows:

a.     **"Fund #1:  The IPO Fund"** – Fund #1, which totals $153,667, applies to claims asserted under the Securities Act with respect to the IPO.[3]  As a result, all Settlement Class Members, to the extent they have Recognized Loss Amounts under the formulas set forth in ¶ 59-62 below with respect to the IPO Securities Act Claims, will be eligible to receive a *pro rata* distribution from Settlement Fund #1 subject to their satisfying the other conditions for receiving a distribution.

b.     **"Fund #2:  The Secondary Fund"** – Fund #2, which totals $3,869,616, applies to claims asserted under the Securities Act with respect to the Secondary Offering.  As a result, all Settlement Class Members, to the extent they have

---

[3] Please note, all "Fund" amounts are a portion of the gross Settlement Amount obtained before the deduction of any costs and expenses (*see* ¶ 5 for a description of amounts that will be deducted from the Settlement Amount).

Recognized Loss Amounts under the formulas set forth in ¶¶ 63-66 below with respect to the Secondary Securities Act Claims, will be eligible to receive a *pro rata* distribution from Settlement Fund #2 subject to their satisfying the other conditions for receiving a distribution.

c. **"Fund #3: The Exchange Act Fund"** – Fund #3, which totals $7,976,717, applies to claims asserted under the Exchange Act with respect to purchases of MBI common stock during the Section 10(b) Class Period. As a result, all Settlement Class Members, to the extent they have Recognized Loss Amounts under the formulas set forth in ¶ 67-70 below with respect to the Exchange Act Claims, will be eligible to receive a *pro rata* distribution from Settlement Fund #3 subject to their satisfying the other conditions for receiving a distribution.

The IPO Fund and the Secondary Fund are collectively referred to as the "Securities Act Funds." A purchase of MBI common stock may result in a Recognized Loss under multiple Funds. Eligibility for participation in one Fund does not preclude in any way participation in another Fund for which a purchase is eligible. Claimants, however, can only receive a recovery under one of the Securities Act Funds or the Exchange Act Fund with respect to the same share for the same violation, not both. With respect to Class Members who purchased or otherwise acquired a share of MBI common stock as to which a claim can be stated with respect to both the Securities Act or the Exchange Act, the Recognized Loss Amount for such purchases will be the greater of the recovery under the Securities Act or the Exchange Act, as further described in ¶¶ 57-68 below.

Under no circumstances will an Eligible Claimant receive more than 100% of their Recognized Loss amount from any particular Fund. Should there be excess funds in either of the Securities Act Funds, those funds will revert to the other Securities Act Fund.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

59. Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase of MBI common stock during the Settlement Class Period that is listed on the Proof of Claim Form and for which adequate documentation is provided. Such "Recognized Loss Amounts" will be aggregated across all purchases relevant for each Fund to determine the "Fund Recognized Claim" that each Settlement Class Member has against each Fund.

## IPO SECURITIES ACT CLAIMS CALCULATIONS

60. The IPO Section 11 Securities Act claims asserts in the Action serve as the basis for the calculation of IPO Securities Act Recognized Loss Amounts. Section 11 provides a statutory formula for the calculation of damages under that provision. The formula set forth below, developed by Plaintiffs' damages expert, generally tracks the statutory formula. For purposes of the calculations, September 1, 2015 is the date of suit, and August 1, 2016 is the proxy for the date of judgment.

61. Recognized Loss Amounts will be calculated pursuant to the following formula for each share that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of any Recognized Loss Amount results in a negative number, that number shall be set to zero.

62. The Securities Act predicates recovery from the IPO Fund on a claimant demonstrating that each share of MBI common stock was purchased directly in or "traceable" to the IPO. For purposes of this plan of allocation, this means that recovery from the IPO Fund is limited to those purchases made before January 29, 2014, the date MBI's post-IPO lock-up period ends.

63. For each share of MBI common stock purchased before January 29, 2014 and:

    **A. Sold before the opening of trading on August 7, 2014,** the Recognized Loss Amount shall be zero.

    **B. Sold after the opening of trading on August 7, 2014 through August 31, 2015,** the Recognized Loss Amount shall be the purchase/acquisition price (not to exceed the issue price at the offering of $12.00) *minus* the sale price.

    **C. Sold on or after September 1, 2015,** the Recognized Loss Amount shall be the purchase/acquisition price (not to exceed the issue price at the offering of $12.00) *minus* the sale price (not to be less than $2.02, the closing share price on September 1, 2015).

    **D. Retained through August 1, 2016,** the Recognized Loss Amount shall be the purchase/acquisition price (not to exceed the issue price at the offering of $12.00) *minus* $2.02, the closing share price on September 1, 2015.

## SECONDARY SECURITIES ACT CLAIMS CALCULATIONS

64. The Secondary Section 11 Securities Act claims asserts in the Action serve as the basis for the calculation of Secondary Securities Act Recognized Loss Amounts. Section 11 provides a statutory formula for the calculation of damages under that provision. The formula set forth below, developed by Plaintiffs' damages expert, generally tracks the statutory formula. For purposes of the calculations, November 3, 2014 is the date of suit, and August 1, 2016 is the proxy for the date of judgment.

65. Recognized Loss Amounts will be calculated pursuant to the following formula for each share that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of any Recognized Loss Amount results in a negative number, that number shall be set to zero.

66.    The Secondary Fund covered claims by MBI stockholders who claim that each share of MBI common stock was purchased directly in or "traceable" to the Secondary Offering.  For purposes of this plan of allocation, this means that recovery from the Secondary Fund is limited to those purchases directly in the Secondary Offering on June 6, 2014.

67.    For each share of MBI common stock purchased in the Secondary Offering and:

**A.  Sold before the opening of trading on August 7, 2014,** the Recognized Loss Amount shall be zero.

**B.  Sold after the opening of trading on August 7, 2014 through November 3, 2014,** the Recognized Loss Amount shall be the purchase/acquisition price (not to exceed the issue price at the offering of $9.50) *minus* the sale price.

**C.  Sold on or after November 4, 2014,** the Recognized Loss Amount shall be the purchase/acquisition price (not to exceed the issue price at the offering of $9.50) *minus* the sale price (not to be less than $2.53, the closing share price on November 4, 2014).

**D.  Retained through August 1, 2016,** the Recognized Loss Amount shall be the purchase/acquisition price (not to exceed the issue price at the offering of $9.50) *minus* $2.53, the closing share price on November 4, 2014.

## EXCHANGE ACT CLAIMS CALCULATION

68.    Exchange Act claims were asserted under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, as well as Section 20(a) of the Exchange Act.  The calculations for Exchange Act Recognized Loss Amounts reflect Plaintiffs' allegations that the prices of MBI securities were artificially inflated during the Class Period due to Defendants' alleged misrepresentations and/or omissions.  Plaintiffs' damages expert has estimated the artificial inflation in MBI securities during the Settlement Class Period as reflect in Table A below.

69.    In order to have recoverable Exchange Act damages, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of MBI common stock.  In this case, Plaintiffs allege that Defendants made false statements and omitted material facts during the period from August 1, 2013 through and including November 9, 2015, which had the effect of artificially inflating the prices of MBI common stock.  Plaintiffs further allege that corrective disclosures removed artificial inflation from the price of MBI common stock on August 7, 2014, September 3, 2014, November 14, 2014, May 18, 2015, and November 10, 2015.  In order to have an Exchange Act Recognized Loss Amount with respect to any given purchase, MBI common stock must have been purchased/acquired during the Section 10(b) Class Period and held through at least one of the alleged corrective disclosures.

70.    Exchange Act Recognized Loss Amounts will be calculated pursuant to the following formula for each share that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of any Recognized Loss Amount results in a negative number, that number shall be set to zero.

71.    For each share of MBI common stock purchased or otherwise acquired from August 1, 2013 through and including November 10, 2015, and:

**A.  Sold before the opening of trading on August 7, 2014,** the Recognized Loss Amount shall be zero.

**B.  Sold after the opening of trading on August 7, 2014 and before the close of trading on November 10, 2015,** the Recognized Loss Amount shall be *the lesser of*:
(1)  the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Column [2] of Table A below *minus* the dollar artificial inflation applicable to each such share on the date of sale as set forth in Column [2] of Table A below; or
(2)  the actual purchase/acquisition price *minus* the actual sales price.

**C.  Sold after the close of trading on November 10, 2015 and before the close of trading on February 8, 2016,** the Recognized Loss Amount shall be *the least of*:
(1)  the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Column [2] of Table A below;
(2)  the actual purchase/acquisition price *minus* the average closing price of MBI common stock from November 10, 2015, up to the date of sale as set forth in Column [3] of Table B below[4]; or
(3)  the actual purchase/acquisition price *minus* the actual sales price.

**D.  Held as of the close of trading on February 8, 2016,** the Recognized Loss Amount shall be *the lesser of*:
(1)  the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Column [2] of Table A below; or
(2)  the purchase price minus $1.34, the average closing price for MBI common stock between November 10, 2015 and February 8, 2016 (the last entry in Column [3] of Table B).

---

[4] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of MBI common stock during the 90-day look-back period.  The mean (average) closing price for MBI common stock during this 90-day look-back period was $1.34.

**ADDITIONAL PROVISIONS**

72.     The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 75 below) is $10.00 or greater.

73.     If a Settlement Class Member has more than one purchase or sale of MBI common stock, purchases and sales will be matched on a First In, First Out ("FIFO") basis.  Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Settlement Class Period.

74.     A Claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts.

75.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

76.     Purchases and sales of MBI common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of MBI common stock during the Settlement Class Period will not be deemed a purchase or sale of MBI common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase of MBI common stock unless (i) the donor or decedent purchased the shares during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

77.     The date of covering a "short sale" is deemed to be the date of purchase of the MBI common stock.  The date of a "short sale" is deemed to be the date of sale of MBI common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in MBI common stock, his, her, or its earliest Settlement Class Period purchases of MBI common stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

78.     Option contracts are not securities eligible to participate in the Settlement.  With respect to shares of MBI common stock purchased or sold through the exercise of an option, the purchase/sale date of the MBI common stock is the exercise date of the option and the purchase/sale price of the MBI common stock is the exercise price of the option.

79.     If a Claimant had a market gain with respect to his, her, or its overall transactions in MBI common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in MBI common stock during the Settlement Class Period but that market loss was less than the Claimant's total Recognized Claim calculated above, then the Claimant's Recognized Claim will be limited to the amount of the actual market loss.

80.     For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in MBI common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6] and Holding Value.[7]  This difference will be deemed a Claimant's market gain or market loss with respect to his, her, or its overall transactions in MBI common stock during the Settlement Class Period.

81.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for MBI common stock purchased during the Settlement Class Period.

[6] The Claims Administrator will match any sales of MBI common stock during the Settlement Class Period first against the Claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of MBI common stock sold during the Settlement Class Period will be the "Total Sales Proceeds."

[7] The Claims Administrator will ascribe a value of $2.21 per share for MBI common stock purchased during the Settlement Class Period and still held as of the close of trading on November 10, 2015 (the "Holding Value").  The Holding Value is based on the closing price of MBI common stock on November 11, 2015, the day after the last day of the Settlement Class Period.

such time as it is determined that no reasonable basis for the remaining Net Settlement Fund exists, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

82. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, the Settling Defendants, MBI, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court. Plaintiffs, the Settling Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for: the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

83. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.MBISecuritiesLitigationSettlement.com.

## WHAT PAYMENT ARE THE LAWYERS FOR THE SETTLEMENT CLASS SEEKING?
## HOW WILL THE LAWYERS BE PAID?

84. Plaintiffs' Counsel have not received any payment for their services in pursuing claims asserted in the Action on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund. At the same time, Lead Counsel also intend to apply for reimbursement of Litigation Expenses in an amount not to exceed $450,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to its representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?
## HOW DO I EXCLUDE MYSELF?

85. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to MBI Securities Litigation, c/o Garden City Group, LLC, P.O. Box 10287, Dublin, OH 43017-5887. The exclusion request must be *received* **no later than September 8, 2016**. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Special Situations Funds III QP, L.P. v. Marrone Bio Innovations, Inc., et al.*, Master No. 14-cv-2571-MCE-KJN"; (c) state the number of shares of MBI common stock that the person or entity requesting exclusion (x) owned as of the close of trading on August 1, 2013, and (y) purchased and/or sold during the Settlement Class Period (*i.e.*, from August 1, 2013 to November 10, 2015, inclusive), as well as the number of shares, dates and prices for each such purchase and/or sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court. Lead Counsel may, at their discretion, request from any person or entity requesting exclusion documentation sufficient to prove his, her or its purchases and/or sales of MBI common stock during the Settlement Class Period.

86. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

87. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund.

88. The Settling Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and the Settling Defendants.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

89.    The Settlement Hearing will be held on September 22, 2016 at 2:00 p.m., before the Honorable Morrison C. England, Jr., at the United States District Court for the Eastern District of California, Robert T. Matsui United States Court House, Courtroom 7, 501 I Street, Sacramento, California, 95814.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

90.    **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  Participation in the Settlement is not conditioned on attendance at the Settlement Hearing**.

91.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Eastern District of California at the address set forth below **on or before September 8, 2016**.  You must also serve the papers on Lead Counsel and on Settling Defendants' counsel at the addresses set forth below so that the papers are *received* **on or before September 8, 2016**.

| <u>Clerk's Office</u> | <u>Lead Counsel</u> | <u>Settling Defendants' Counsel</u> |
|---|---|---|
| United States District Court | **Lowenstein Sandler LLP** | **Morrison & Foerster LLP** |
| Eastern District of California Clerk of the Court | Steven M. Hecht, Esq. | Judson E. Lobdell, Esq. |
| Robert T. Matsui United States Court House | 1251 Avenue of the Americas | Jordan Eth, Esq. |
| 501 I Street, Room 4-200 | New York, New York 10020 | Anne K. Davis, Esq. |
| Sacramento, California 95814 | (212) 262-6700 | 425 Market Street |
| | | San Francisco, CA 94105 |
| | | **Brownstein Hyatt** |
| | | **Farber Schreck LLP** |
| | | John V. McDermott, Esq. |
| | | 410 Seventh Street, |
| | | Suite 2200 |
| | | Denver, CO 80202 |

92.    Any objection: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of MBI common stock that the objecting Settlement Class Member purchased and/or sold during the Settlement Class Period (*i.e.*, from August 1, 2013 to November 10, 2015, inclusive), as well as the dates and prices of each such purchase and sale.  Documents sufficient to prove membership in the Settlement Class include brokerage statements, confirmation slips, or authorized statements from a broker containing the transaction and holding information found in a confirmation slip or account statement.  You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

93.    You may file a written objection without appearing at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

94.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before September 8, 2016**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

95.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 91 above so that the notice is *received* **on or before September 8, 2016**.

96.     The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

97.     **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

98.     If you purchased MBI common stock from August 1, 2013 through November 10, 2015, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to MBI Securities Litigation, c/o Garden City Group, LLC, P.O. Box 10287, Dublin, OH 43017-5887. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.MBISecuritiesLitigationSettlement.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

99.     This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Eastern District of California, Robert T. Matsui United States Court House, 501 I Street, Room 4-200, Sacramento, California 95814. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.MBISecuritiesLitigationSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

|  |  |  |
|---|---|---|
| MBI Securities Litigation | | Steven M. Hecht, Esq. |
| c/o GCG | | LOWENSTEIN SANDLER LLP |
| P.O. Box 10287 | | 1251 Avenue of the Americas |
| Dublin, OH 43017-5887 | and/or | New York, NY 10020 |
| (855) 907-3227 | | (212) 262-6700 |
| www.MBISecuritiesLitigationSettlement.com | | |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: July 8, 2016

By Order of the Court
United States District Court
Eastern District of California

**TABLE A**

**Estimated Artificial Inflation from August 1, 2013**
**through and including November 10, 2015**

| Transaction Date [1] | Inflation Per Share [2] |
|---|---|
| August 1, 2013 – August 7, 2014 | $7.75 |
| August 8, 2014 – September 3, 2014 | $4.09 |
| September 4, 2014 – September 5, 2014 | $1.64 |
| September 6, 2014 – November 17, 2014 | $1.49 |
| November 18, 2014 – May 19, 2015 | $1.18 |
| May 20, 2015 | $0.59 |
| May 21, 2015 – November 10, 2015 | $0.30 |

**TABLE B**

**MBI Closing Price and Average Closing Price**
**November 10, 2015 to February 8, 2016**

| Date [1] | Closing Price [2] | Average Closing Price Between November 10, 2015 and Date Shown [3] | Date [1] | Closing Price [2] | Average Closing Price Between November 10, 2015 and Date Shown [3] |
|---|---|---|---|---|---|
| 11/10/2015 | 2.3 | 2.30 | 12/23/2015 | 1.25 | 1.74 |
| 11/11/2015 | 2.21 | 2.26 | 12/24/2015 | 1.23 | 1.72 |
| 11/12/2015 | 2.22 | 2.24 | 12/28/2015 | 1.19 | 1.70 |
| 11/13/2015 | 2.35 | 2.27 | 12/29/2015 | 1.19 | 1.69 |
| 11/16/2015 | 2.25 | 2.27 | 12/30/2015 | 1.05 | 1.67 |
| 11/17/2015 | 2.19 | 2.25 | 12/31/2015 | 1.10 | 1.66 |
| 11/18/2015 | 2.15 | 2.24 | 1/4/2016 | 1.09 | 1.64 |
| 11/19/2015 | 2.06 | 2.22 | 1/5/2016 | 1.04 | 1.62 |
| 11/20/2015 | 2.11 | 2.20 | 1/6/2016 | 1.01 | 1.61 |
| 11/23/2015 | 2.07 | 2.19 | 1/7/2016 | 0.91 | 1.59 |
| 11/24/2015 | 1.96 | 2.17 | 1/8/2016 | 0.85 | 1.57 |
| 11/25/2015 | 1.97 | 2.15 | 1/11/2016 | 0.89 | 1.56 |
| 11/27/2015 | 1.99 | 2.14 | 1/12/2016 | 0.90 | 1.54 |
| 11/30/2015 | 1.86 | 2.12 | 1/13/2016 | 0.85 | 1.53 |
| 12/1/2015 | 1.96 | 2.11 | 1/14/2016 | 0.72 | 1.51 |
| 12/2/2015 | 1.91 | 2.10 | 1/15/2016 | 0.78 | 1.49 |
| 12/3/2015 | 1.87 | 2.08 | 1/19/2016 | 0.76 | 1.48 |
| 12/4/2015 | 1.75 | 2.07 | 1/20/2016 | 0.80 | 1.46 |
| 12/7/2015 | 1.67 | 2.04 | 1/21/2016 | 0.85 | 1.45 |
| 12/8/2015 | 1.50 | 2.02 | 1/22/2016 | 0.86 | 1.44 |
| 12/9/2015 | 1.36 | 1.99 | 1/25/2016 | 0.85 | 1.43 |
| 12/10/2015 | 1.31 | 1.96 | 1/26/2016 | 0.86 | 1.42 |
| 12/11/2015 | 1.11 | 1.92 | 1/27/2016 | 0.89 | 1.41 |
| 12/14/2015 | 1.16 | 1.89 | 1/28/2016 | 0.88 | 1.40 |
| 12/15/2015 | 1.12 | 1.86 | 1/29/2016 | 0.91 | 1.39 |
| 12/16/2015 | 1.12 | 1.83 | 2/1/2016 | 0.95 | 1.38 |
| 12/17/2015 | 1.23 | 1.81 | 2/2/2016 | 0.99 | 1.37 |
| 12/18/2015 | 1.29 | 1.79 | 2/3/2016 | 0.94 | 1.37 |
| 12/21/2015 | 1.30 | 1.77 | 2/4/2016 | 0.90 | 1.36 |
| 12/22/2015 | 1.24 | 1.75 | 2/5/2016 | 0.90 | 1.35 |
| | | | 2/8/2016 | 0.91 | 1.34 |



**Must be
Postmarked
No Later Than
October 2, 2016**

*MBI Securities Litigation*
c/o GCG
P.O. Box 10287
Dublin, OH 43017-5887
(855) 907-3227
MBISecuritiesLitigationSettlement@GardenCityGroup.com



ID Number:

Control Number:

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement in this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, **postmarked no later than October 2, 2016.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

**TABLE OF CONTENTS**                                                                **PAGE #**

**PART I - CLAIMANT INFORMATION** ........................................................................................................  2
**PART II- GENERAL INSTRUCTIONS**......................................................................................................... 3-4
**PART III - SCHEDULE OF TRANSACTIONS IN  MBI COMMON STOCK** ..............................................  5
**PART IV - RELEASE OF CLAIMS AND SIGNATURE** .......................................................................... 6-7

**Important** - *This form should be completed IN CAPITAL LETTERS using BLACK or DARK BLUE ballpoint/fountain pen. Characters and marks used should be similar in the style to the following:*

A B C D E F G H I J K L M N O P Q R S T U V W X Y Z 1 2 3 4 5 6 7 0

## PART I - CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

**Claimant Name(s)** (as the name(s) should appear on check, if eligible for payment; if the shares are jointly owned, the names of all beneficial owners must be provided):

**Name of Person the Claims Administrator Should Contact Regarding this Claim Form (Must Be Provided):**

**Mailing Address - Line 1: Street Address/P.O. Box:**

**Mailing Address - Line 2 (If Applicable): Apartment/Suite/Floor Number:**

**City:**

**State/Province:**     **Zip Code:**     **Country:**

**Last 4 digits of Claimant Social Security/Taxpayer Identification Number:**[1]

**Daytime Telephone Number:**     **Evening Telephone Number:**

**E-mail Address** (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

**To view GCG's Privacy Notice, please visit http://www.gardencitygroup.com/privacy**

[1]The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.

## PART II - GENERAL INSTRUCTIONS

1.       It is important that you completely read and understand the Notice of (I) Pendency and Certification of Settlement Class; (II) Proposed Settlement; (III) Settlement Hearing; and (IV) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.       By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see the definition of the Settlement Class on page 5 of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.**  THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.       **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.       Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of MBI common stock.  On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of MBI common stock, whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.       Please note:  Only MBI common stock purchased during the Settlement Class Period (i.e., from August 1, 2013 through November 10, 2015, inclusive) is eligible under the Settlement.  However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of MBI common stock during the period from **November 11, 2015 to February 8, 2016,** inclusive, will be used for purposes of calculating your claim under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase and sale information during the 90-day look-back period must also be provided.  In addition, the Net Settlement Fund includes claims under Section 11 of the Securities Act of 1933 (the "Securities Act"), which sets forth a statutory measure of damages and includes as one relevant date the date of judgment.  Under the Proposed Plan of Allocation, August 1, 2016 has been selected as the proxy for a date of judgment in the Action.  Therefore, in order for the Claims Administrator to properly calculate your Securities Act claim(s), if any, purchase and sale information **through August 1, 2016** must also be provided.

6.       You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of MBI common stock set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Settling Parties and the Claims Administrator do not independently have information about your investments in MBI common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

7.       Separate Claim Forms should be submitted for each separate legal entity (e.g., a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (e.g., a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

## PART II - GENERAL INSTRUCTIONS (CONTINUED)

8.      All joint beneficial owners must each sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.  If you purchased MBI common stock during the Settlement Class Period and held the shares in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased MBI common stock during the relevant time period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

9.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

   (a)      expressly state the capacity in which they are acting;

   (b)      identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the MBI common stock; and

   (c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.     By submitting a signed Claim Form, you will be swearing that you:

   (a)      own(ed) the MBI common stock you have listed in the Claim Form; or

   (b)      are expressly authorized to act on behalf of the owner thereof.

11.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

13.     **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Garden City Group, LLC, at the above address, by toll-free phone at (855) 907-3227, or you can visit the Settlement website, www.MBISecuritiesLitigationSettlement.com, where copies of the Claim Form and Notice are available for downloading.

15.     NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.MBISecuritiesLitigationSettlement.com or you may email the Claims Administrator's electronic filing department at eClaim@GardenCityGroup.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. **Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at eClaim@GardenCityGroup.com to inquire about your file and confirm it was received and acceptable.**

## IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS  ADMINISTRATOR TOLL FREE AT (855) 907-3227.**

# PART III - SCHEDULE OF TRANSACTIONS IN MBI COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6, above. Do not include information regarding securities other than MBI common stock.

**1.  PURCHASES/ACQUISITIONS FROM AUGUST 1, 2013 THROUGH AUGUST 1, 2016 –** Separately list each and every purchase/acquisition (including free receipts) of MBI common stock from after the opening of trading on August 1, 2013 through and including the close of trading on August 1, 2016.  (Must be documented.) [2]     **IF NONE, CHECK HERE:**

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/Acquisition Price (excluding taxes, commissions and fees) | Confirm Proof of Purchase/Acquisition Enclosed |
|---|---|---|---|---|
| / / | | . | . | |
| / / | | . | . | |
| / / | | . | . | |
| / / | | . | . | |
| / / | | . | . | |

**2.  SALES FROM AUGUST 1, 2013 THROUGH AUGUST 1, 2016 –** Separately list each and every sale/disposition (including free deliveries) of MBI common stock from after the opening of trading on August 1, 2013 through and including the close of trading on August 1, 2016. (Must be documented.)     **IF NONE, CHECK HERE:**

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | . | . | |
| / / | | . | . | |
| / / | | . | . | |
| / / | | . | . | |
| / / | | . | . | |

**3.  HOLDINGS AS OF February 8, 2016 –** State the total number of shares of MBI common stock held as of the close of trading on February 8, 2016.  (Must be documented.)  If none, write "zero" or "0."     Confirm Proof of Position Enclosed

**4.  HOLDINGS AS OF AUGUST 1, 2016 –** State the total number of shares of MBI common stock held as of the close of trading on August 1, 2016.  (Must be documented.)  If none, write "zero" or "0."     Confirm Proof of Position Enclosed

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX**

[2] Please note:  Information requested with respect to your purchases/acquisitions of MBI common stock from after the opening of trading on November 11, 2015 through and including the close of trading on August 1, 2016 is needed in order to balance your claim(s) and calculate your Securities Act claim(s), if any; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 7 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims) against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) certifies (certify), as follows:

     1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

     2.    that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

     3.    that the claimant has **not** submitted a request for exclusion from the Settlement Class;

     4.    that I (we) own(ed) the MBI common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

     5.    that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of GM common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

     6.    that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

     7.    that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

     8.    that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

     9.    that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

     10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

## PART IV – RELEASE OF CLAIMS AND SIGNATURE (CONTINUED)

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____          _____
Signature of claimant                                                  Date

_____
Print your name here

_____          _____
Signature of joint claimant, if any                              Date

_____
Print your name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____          _____
Signature of person signing on behalf of claimant       Date

_____
Print your name here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see paragraph 9 on page 4 of this Claim Form.)

## REMINDER CHECKLIST:

1.    Please sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2.    Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3.    Please do not highlight any portion of the Claim Form or any supporting documents.

4.    Keep copies of the completed Claim Form and documentation for your own records.

5.    The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (855) 907-3227.**

6.    If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

7.    If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at MBISecuritiesLitigationSettlement@ GardenCityGroup.com, or by toll-free phone at (855) 907-3227, or you may visit www. MBISecuritiesLitigationSettlement.com.  Please DO NOT call MBI or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY PREPAID, FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN OCTOBER 2, 2016**, ADDRESSED AS FOLLOWS:

**MBI Securities Litigation**
c/o GCG
P.O. Box 10287
Dublin, OH 43017-5887


A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before October 2, 2016 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT B

B8 | Thursday, July 21, 2016

THE WALL STREET JOURNAL.

# BUSINESS NEWS

**Business Watch**

## MYLAN
### EU Regulators Clear Meda Acquisition

European Union competition regulators on Wednesday approved Dutch drugmaker **Mylan** NV's roughly $7.2 billion acquisition of its Swedish rival **Meda** on the condition the newly merged company sheds businesses in around a dozen European countries.

Mylan offered to divest either

its own or Meda's businesses in various European countries, including the UK, Belgium, Ireland and Italy, where the EU found insufficient alternatives on the market, the European Commission said.

The European Commission said it initially had concerns the deal would shrink competition but that the commitments offered by Mylan addressed those concerns.

—*Natalia Drozdiak*

## BAR-S FOODS
### Hot Dogs Recalled On Listeria Concerns

More than 372,000 pounds of hot dogs and corn dogs made this month are being recalled over concerns of listeria contamination.

The U.S. Department of Agriculture says Alstus, Okla.-based

Bar-S Foods is recalling five chicken and pork products that could be contaminated with listeria. The department says Bar-S hasn't received test results, but is recalling the items due to recurring listeria issues at the company. The government says no reports of illness have been linked to the products.

—*Associated Press*

## REPUBLIC AIRWAYS
### Bonus Plan Wins Approval From Judge

Republic Airways Holdings Inc. won court approval to pay a handful of its top executives up to $4.7 million in bonuses based on a quarterly incentive program.

Judge Sean Lane of the U.S. Bankruptcy Court in New York



Republic's CEO and CFO are among those in line for bonuses under a plan approved in bankruptcy court.

Wednesday said the company provided "ample information" on the bonuses to lay the foundation that the program was based on reaching specific, difficult goals rather than just retaining the executives.

The bonus plan was initially

met with some opposition from a bankruptcy watchdog, until Republic added a couple more hurdles for executives to meet in the third and fourth quarter.

Republic's chief executive, Bryan Bedford, as well as its

chief financial officer, chief restructuring officer, chief operating officer, chief administrative officer and general counsel are all in line to receive bonuses based on the plan.

—*Lillian Rizzo*

---

ADVERTISEMENT

## Legal Notices
To advertise: 800-366-3975 or WSJ.com/classifieds

**CLASS ACTIONS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PENNSYLVANIA PUBLIC SCHOOL EMPLOYEES' RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,
Plaintiff,
v.
BANK OF AMERICA CORPORATION, et al.,
Defendants.

CIVIL ACTION NO.
11-CV-00733-WHP
CLASS ACTION

NOTICE OF CLASS ACTION, PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT HEARING

TO: All persons or entities (a) who purchased Bank of America Corporation ("BoA") common stock of BoA Common Equivalent Securities during the period from February 27, 2009 through October 19, 2010 (the "Class Period") or (b) who purchased or acquired BoA common stock or BoA Common Equivalent Securities in or traceable to a public offering during the Class Period (the "Class")

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") brought against BoA and certain officers and directors for allegedly making false and misleading statements regarding, among other things, BoA's exposure to demands to repurchase mortgage-backed securities and other loans, has been certified as a class action on behalf of the Class, except for certain persons and entities who are excluded from the Class set forth in the Stipulation and Agreement of Settlement dated March 11, 2016, as amended (the "Stipulation").

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action has reached a proposed settlement of the Action for $335,000,000.00 in cash (the "Settlement"), that, if approved, will resolve all claims asserted against the Released Defendants (identified in the "Long Form Notice" referred to below). The claims that will be resolved by the Settlement include all claims of any and all persons who (i) purchased or acquired BoA common stock or BoA Common Equivalent Securities during the Class Period. Based on the Plan of Allocation being proposed, the estimated average gross recovery for BoA common stock in the Class is $0.043 per share. Class Members should note, however, that the foregoing average recovery is only an estimate. A Class Member's actual recovery will depend on several things, including: (1) the number of claims filed; (2) when, in what quantities and for how much Class Members purchased and/or acquired BoA common stock or Common Equivalent Securities during the Class Period; and (3) whether Class Members sold BoA common stock or Common Equivalent Securities and, if so, when and for how much. Thus, if, as some commentators on securities class actions have estimated, only about one-third of the Class Members file claims, then the estimated average gross recovery would be about $0.129 per share.

The Net Settlement Fund (the Settlement Fund less taxes, notice and administration costs, attorneys' fees and other litigation expenses awarded to Lead Counsel) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") as approved by the Court and which will determine how the Net Settlement Fund shall be allocated. As described in the Long Form Notice, the Plan of Allocation is based, in part, on three events that occurred from October 14 to October 19, 2010, and allegedly impacted the value of BoA common stock. Only Class Members who purchased BoA securities during the Class Period and who retained some of the purchased securities past October 13, 2010 will be eligible to receive a payment under the Plan of Allocation.

A hearing will be held on November 29, 2016 at 2 p.m. before the Honorable William H. Pauley, III at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 20B, New York, NY 10007-1312, to determine (i) whether the proposed Settlement should be approved as fair, reasonable and adequate; (ii) whether the Action should be dismissed with prejudice against the Released Defendants and the Released Claims specified and described in the Stipulation; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses should be approved.

If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund. A Long Form Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Expenses, and Settlement Hearing ("Long Form Notice"), which includes the proposed Plan of Allocation, identifies certain Class eligibility and payment requirements. We encourage you to review the Long Form Notice. The Long Form Notice, Proof of Claim Form and Plan Stipulation, as amended, may be downloaded from

the website maintained by the Claims Administrator, www.BoASecuritiesSettlement.com, or from Lead Counsel's website, www.barrack.com. Copies may also be requested by calling (inside the US and Canada) 1-800-644-7835, (outside the US and Canada) 1-215-845-4405, or emailing a request to BoASecuritiesSettlement@HefflerClaims.com. You may also obtain the Long Form Notice, Proof of Claim Form and/or the Stipulation, as amended, by contacting the Claims Administrator at:

Bank of America Securities Settlement
c/o Heffler Claims Group, Claims Administrator
P.O. Box 360
Philadelphia, PA 19105-0360

If you are a member of the Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Proof of Claim Form postmarked no later than November 14, 2016, or file electronically on the website maintained by the Claims Administrator, listed above, by November 14, 2016. If you are a Class Member and do not submit a proper Proof of Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion that is received no later than September 13, 2016, in accordance with the instructions set forth in the Long Form Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement. You should note that pursuant to the decision in *Police & Fire Ret. Sys. v. IndyMac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013), and as more fully explained in the Long Form Notice, if you exclude yourself from the Class, you may forfeit any claims you may have against Defendants relating to your purchases of BoA securities during the Class Period. Before you decide to request exclusion from the Class, you are urged to consult your counsel, at your own expense, to fully evaluate your rights and the consequences of excluding yourself from the Class.

If you are a Class Member, you may enter an appearance through counsel. See the Long Form Notice for further details. Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and received by Lead Counsel and counsel for BoA no later than September 13, 2016, in accordance with the instructions set forth in the Long Form Notice.

Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 15.5% of the Settlement Fund. Lead Counsel also will apply for the reimbursement of litigation expenses paid or incurred in connection with the prosecution and resolution of the Action, in an amount not to exceed $2,135,000, which includes reimbursement to Lead Plaintiff for its reasonable costs and expenses (including lost wages) directly relating to its representation of the Class, pursuant to the Private Securities Litigation Reform Act. If the Court approves the attorneys' fees and expense application in full, the estimated average amount of fees and expenses will be approximately $0.007 per damaged share of BoA common stock or BoA Common Equivalent Securities.

Inquiries other than requests for the Long Form Notice, Proof of Claim Form and/or the Stipulation may be made to Lead Counsel: **BARRACK, RODOS & BACINE,** Mark R. Rosen (mrosen@barrack.com), Jeffrey A. Barrack (jbarrack@barrack.com), Jeffrey B. Gittleman (jgittleman@barrack.com), 3300 Two Commerce Square, 2001 Market Street, Philadelphia, PA 19103, (215) 963-0600.

By Order of the Court

**CLASS ACTIONS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

SPECIAL SITUATIONS FUND III QP L.P., SPECIAL SITUATIONS CAYMAN FUND, L.P., and DAVID M. FINEMAN, Individually and On Behalf of All Others Similarly Situated,
Plaintiffs,
vs.
MARRONE BIO INNOVATIONS, INC., PAMELA G. MARRONE, JAMES B. BOYD, DONALD J. GLIDEWELL, HECTOR ABSI, ELIN MILLER, RANJEET BHATIA, PAMELA CONTAG, TIM FOGARTY, LAWRENCE HOUGH, JOSEPH HUDSON, LES LYMAN, RICHARD ROMINGER, SHAUGN STANLEY, SEAN SCHICKEDANZ, and ERNST & YOUNG LLP,
Defendants.

Master No.: 2:14-cv-2571-MCE-KJN
Hon. Morrison C. England, Jr.

CLASS ACTION

SUMMARY NOTICE OF (I) PENDENCY AND CERTIFICATION OF SETTLEMENT CLASS; (II) PROPOSED SETTLEMENT; (III) SETTLEMENT HEARING; AND (IV) MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

TO: All persons or entities who or which (i) purchased or otherwise acquired the common stock of Marrone Bio Innovations, Inc. ("MBI" or "the Company") directly in or traceable to the Company's August 1, 2013 initial public offering pursuant to MBI's Form S-1 Registration Statement, dated July 1, 2013, and its Prospectus, dated August 1, 2013, and were damaged thereby (the "IPO Claimants"); (ii) purchased or otherwise acquired MBI common stock directly in or traceable to the Company's secondary offering pursuant to MBI's Form S-3 Registration Statement, dated May 16, 2014, and its Prospectus dated June 5, 2014, and were damaged thereby (the "Secondary Claimants"); and (iii) purchased or otherwise acquired MBI common stock on the open market between August 1, 2013 and November 10, 2015, inclusive, and were damaged thereby (the "Section 10(b) Claimants").

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of California, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Certification of Settlement Class; (II) Proposed Settlement; (III) Settlement Hearing; and (IV) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that the Court-appointed Lead Plaintiffs, Special Situations Fund III QP, L.P. and Special Situations Cayman Fund, L.P. ("Lead Plaintiffs" or "the Funds"), and additional named Plaintiff David M. Fineman ("Fineman" and, together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the other members of the Settlement Class, have reached a proposed settlement of the Action with Defendants MBI, Pamela G. Marrone, James B. Boyd, Donald J. Glidewell, Hector Absi, Elin Miller, Tim Fogarty, Richard Rominger, Shaugn Stanley, Ranjeet Bhatia, Lawrence Hough, Joseph Hudson, Sean Schickedanz, Pamela Contag, and Les Lyman (collectively, the "Settling Defendants") for $12,000,000 in cash (the "Settlement"). THE SETTLEMENT DOES NOT RESOLVE CLAIMS AGAINST DEFENDANT ERNST & YOUNG LLP ("EY" or the "Non-Settling Defendant"). THE LITIGATION WILL CONTINUE AS AGAINST THE NON-SETTLING DEFENDANT.

A hearing will be held on September 22, 2016 at 2:00 p.m., before the Honorable Morrison C. England, Jr. in the United States District Court for the Eastern District of California, Robert T. Matsui United States Court House, Courtroom 7, 501 I Street, Sacramento, California, 95814, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against the Settling Defendants, and the Released Claims against the Settling Defendants specified and described in the Stipulation and Agreement of Settlement dated June 16, 2016 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.

If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at MBI Securities Litigation, c/o GCG, P.O. Box 10287, Dublin, OH 43017-5887, by toll-free phone at (855) 907-3227, or by email

at MBISecuritiesLitigationSettlement@GardenCityGroup.com. Copies of the Notice and Claim Form can also be downloaded from www.MBISecuritiesLitigationSettlement.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than October 2, 2016. If you are a member of the Settlement Class and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than September 8, 2016, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, must be filed with the Court and *received* no later than September 8, 2016, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, MBI, or Settling Defendants' counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

MBI Securities Litigation
c/o GCG
P.O. Box 10287
Dublin, OH 43017-5887
(855) 907-3227
MBISecuritiesLitigationSettlement@GardenCityGroup.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

LOWENSTEIN SANDLER LLP
Steven M. Hecht, Esq.
1251 Avenue of the Americas
New York, NY 10020
(212) 262-6700

Dated: July 8, 2016

By Order of the Court

**NOTICE OF SALE**

UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK
In re: MAGNESIUM CORPORATION OF AMERICA, et al., Chapter 7, Case No. 01-14312 (MKV)
Debtors.

NOTICE OF AUCTION SALE, BIDDING AND HEARING AND ORDER ESTABLISHING DEADLINE

PLEASE TAKE NOTICE OF THE FOLLOWING:

LEGAL NOTICES ADVERTISE TODAY

---

THE WALL STREET JOURNAL.

(800) 366-3975
sales.legalnotices@wsj.com

Place an ad with the self-service tool at
wsj.com/classifieds

THE WALL STREET JOURNAL.

# THE MART
ADVERTISE TODAY

(800) 366-3975
sales.mart@wsj.com

Place an ad using the self-service option at:
wsj.com/classifieds

© 2016 Dow Jones & Company, Inc.
All Rights Reserved.



D | DOW JONES

© 2016 Dow Jones & Company, Inc. All Rights Reserved.

## AFFIDAVIT

**STATE OF TEXAS**            )
                             )  **ss:**
**CITY AND COUNTY OF DALLAS)**

I, Jeb Smith, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher

of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout

the United States, and that the notice attached to this Affidavit has been regularly

published in THE WALL STREET JOURNAL for National distribution for

1  insertion(s) on the following date(s):

JUL-21-2016;

ADVERTISER: MARRONE BIO INNOVATIONS;

and that the foregoing statements are true and correct to the best of my knowledge.

Sworn to before me this
21  day of  July          2016

Notary Public

TOBY A. BREITEN
Notary Public
STATE OF TEXAS
My Comm. Exp. April 24, 2018

# Lowenstein Sandler LLP Announces Proposed Settlement in the MBI Securities Litigation

NEW YORK, July 21, 2016 /PRNewswire/ -- The following statement is being issued by LOWENSTEIN SANDLER LLP regarding the MBI Securities Litigation.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

SPECIAL SITUATIONS FUND III QP, L.P., SPECIAL SITUATIONS CAYMAN FUND, L.P., and DAVID M. FINEMAN, Individually and On Behalf of All Others Similarly Situated,

Plaintiffs,

vs.

MARRONE BIO INNOVATIONS, INC., PAMELA G. MARRONE, JAMES B. BOYD, DONALD J. GLIDEWELL, HECTOR ABSI, ELIN MILLER, RANJEET BHATIA, PAMELA CONTAG, TIM FOGARTY, LAWRENCE HOUGH, JOSEPH HUDSON, LES LYMAN, RICHARD ROMINGER, SHAUGN STANLEY, SEAN SCHICKEDANZ, and ERNST & YOUNG LLP,

Defendants.

Master No.: 2:14-cv-2571-MCE-KJN

Hon. Morrison C. England, Jr.

CONSOLIDATED CLASS ACTION

**SUMMARY NOTICE OF (I) PENDENCY AND CERTIFICATION OF SETTLEMENT CLASS; (II) PROPOSED SETTLEMENT; (III) SETTLEMENT HEARING; AND (IV) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

TO: All persons or entities who or which (i) purchased or otherwise acquired the common stock of Marrone Bio Innovations, Inc. ("MBI" or "the Company") directly in or traceable to the Company's August 1, 2013 initial public offering pursuant to MBI's Form S-1 Registration Statement, dated July 1, 2013, and its Prospectus, dated August 1, 2013, and were damaged thereby (the "IPO Claimants"); (ii) purchased or otherwise acquired MBI common stock directly in or traceable to the Company's secondary offering pursuant to MBI's Form S-1 Registration Statement, dated May 16, 2014, and its Prospectus dated June 5, 2014, and were damaged thereby (the "Secondary Claimants"); and (iii) purchased or otherwise acquired MBI common stock on the open market between August 1, 2013 and November 10, 2015, inclusive, and were damaged thereby (the "Section 10(b) Claimants").

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of California, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Certification of

Settlement Class; (II) Proposed Settlement; (III) Settlement Hearing; and (IV) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that the Court-appointed Lead Plaintiffs, Special Situations Fund III QP, L.P. and Special Situations Cayman Fund, L.P., ("Lead Plaintiffs" or "The Funds"), and additional named Plaintiff David M. Fineman ("Fineman" and, together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the other members of the Settlement Class, have reached a proposed settlement of the Action with Defendants MBI, Pamela G. Marrone, James B. Boyd, Donald J. Glidewell, Hector Absi, Elin Miller, Tim Fogarty, Richard Rominger, Shaugn Stanley, Ranjeet Bhatia, Lawrence Hough, Joseph Hudson, Sean Schickedanz, Pamela Contag, and Les Lyman (collectively, the "Settling Defendants") for $12,000,000 in cash (the "Settlement"). THIS SETTLEMENT DOES NOT RESOLVE CLASS CLAIMS AGAINST DEFENDANT ERNST & YOUNG LLP ("EY" or the "Non-Settling Defendant"). THE LITIGATION WILL CONTINUE AS AGAINST THE NON-SETTLING DEFENDANT.

A hearing will be held on September 22, 2016 at 2:00 p.m., before the Honorable Morrison C. England, Jr., at the United States District Court for the Eastern District of California, Robert T. Matsui United States Court House, Courtroom 7, 501 I Street, Sacramento, California, 95814, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against the Settling Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated June 16, 2016 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at MBI Securities Litigation, c/o GCG, P.O. Box 10287, Dublin, OH 43017-5887, by toll-free phone at (855) 907-3227, or by email at MBISecuritiesLitigationSettlement@GardenCityGroup.com. Copies of the Notice and Claim Form can also be downloaded from www.MBISecuritiesLitigationSettlement.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than October 2, 2016. If you are a member of the Settlement Class and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than September 8, 2016, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, must be filed with the Court and delivered to Lead Counsel and counsel for the Settling Defendants such that they are *received* no later than September 8, 2016, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, MBI, or Settling Defendants' counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

MBI Securities Litigation
c/o GCG
P.O. Box 10287
Dublin, OH 43017-5887
(855) 907-3227
MBISecuritiesLitigationSettlement@GardenCityGroup.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

LOWENSTEIN SANDLER LLP
Steven M. Hecht, Esq.
1251 Avenue of the Americas
New York, NY 10020
(212) 262-6700

Dated: July 8, 2016
By Order of the Court


To view the original version on PR Newswire, visit:http://www.prnewswire.com/news-releases/lowenstein-sandler-llp-announces-proposed-settlement-in-the-mbi-securities-litigation-300299079.html

SOURCE Lowenstein Sandler LLP

## Related Links

http://www.MBISecuritiesLitigationSettlement.com

**From:**            sfhubs@prnewswire.com
**Sent:**            Thursday, July 21, 2016 6:00 AM
**To:**
**Subject:**         PR Newswire: Press Release Clear Time Confirmation for Lowenstein Sandler LLP. ID# 1632972-1-1

# PR NEWSWIRE EDITORIAL

Hello

Here's the clear time* confirmation for your news release:

Release headline: Lowenstein Sandler LLP Announces Proposed Settlement in the MBI Securities Litigation
Word Count: 1117
Product Summary:
US1
Visibility Reports Email
Complimentary Press Release Optimization
PR Newswire's Editorial Order Number: 1632972-1-1

Release clear time: 21-Jul-2016 09:00:00 AM ET

View your release: http://www.prnewswire.com/news-releases/lowenstein-sandler-llp-announces-proposed-settlement-in-the-mbi-securities-litigation-300299079.html?tc=eml_cleartime

* Clear time represents the time your news release was distributed to the newswire distribution you selected.

Thank you for choosing PR Newswire!
********************************************************************
COMPLIMENTARY SERVICES FOR MEMBERS


Get the most out of your PR Newswire membership! In addition to distributing your news through the industry's largest network, as a PR Newswire member you get Visibility Reports detailing release performance, and complimentary educational and training resources. Visit the Online Member Center to learn more.


For more information, please contact our Information Desk at 888-776-0942, or email PRNCS@prnewswire.com