1

2

3

4

**LOWENSTEIN SANDLER LLP**
390 Lytton Avenue
Palo Alto, CA 94301
Telephone: 213-426-2170
Fax: 973-597-6233

5

6

7

*Counsel for Lead Plaintiffs Special Situations*
    *Fund III QP, L.P. and Special Situations*
    *Cayman Fund, L.P. and additional named*
    *Plaintiff David M. Fineman*

8

9

10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPECIAL SITUATIONS FUND III QP, L.P., SPECIAL SITUATIONS CAYMAN FUND, L.P, and DAVID M. FINEMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>MARRONE BIO INNOVATIONS, INC., PAMELA G. MARRONE, JAMES B. BOYD, DONALD J. GLIDEWELL, HECTOR ABSI, ELIN MILLER, RANJEET BHATIA, PAMELA CONTAG, TIM FOGARTY, LAWRENCE HOUGH, JOSEPH HUDSON, LES LYMAN, RICHARD ROMINGER, SHAUGN STANLEY, SEAN SCHICKEDANZ, and ERNST & YOUNG LLP,<br><br>                    Defendants. | Master No.: 2:14-cv-2571-MCE-KJN<br><br>Hon. Morrison C. England, Jr.<br><br>CONSOLIDATED CLASS ACTION<br><br>**ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    WHEREAS, this matter came before the Court on Lead Counsel's motion for an award

2  of attorneys' fees and reimbursement of litigation expenses;

3    WHEREAS, the Court having considered all matters submitted to it; and it appearing

4  that notice of the motion substantially in the form approved by the Court was mailed to all

5  Settlement Class Members who or which could be identified with reasonable effort, and that a

6  summary notice of the motion substantially in the form approved by the Court was published in

7  *The Wall Street Journal* and was transmitted over the *PR Newswire* pursuant to the

8  specifications of the Court; and the Court having considered and determined the fairness and

9  reasonableness of the proposed Plan of Allocation,

10    NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

11    1.    This Order incorporates by reference the definitions in the Stipulation and

12  Agreement of Settlement with Individual Defendants dated June 16, 2016 (the "Stipulation")

13  (ECF No. 80-1) and all capitalized terms not otherwise defined herein shall have the same

14  meanings as set forth in the Stipulation.

15    2.    The Court has jurisdiction to enter this Order approving the proposed Plan of

16  Allocation, and over the subject matter of the Action and all parties to the Action, including all

17  Settlement Class Members.

18    3.    Notice of Lead Counsel's motion for an award of attorneys' fees and

19  reimbursement of Litigation Expenses was given to all Settlement Class Members who or which

20  could be identified with reasonable effort.  The form and method of notifying the Settlement

21  Class of the motion for approval of the proposed Plan of Allocation satisfied the requirements of

22  Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the

23  Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et*

24  *seq.,* as amended, and all other applicable law and rules; constituted the best notice practicable

25  under the circumstances; and constituted due and sufficient notice to all persons and entities

26  entitled thereto.

27

28

ORDER APPROVING
FEES AND EXPENSES
MASTER FILE No. 2:14-cv-2571-MCE-KJN

-1-

1        4.     Lead Counsel are hereby awarded attorneys' fees in the amount of $3,000,000,

2  and $436,879.91 in reimbursement of Lead Counsel's litigation expenses (which fees and

3  expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and

4  reasonable.

5        5.     In making this award of attorneys' fees and reimbursement of expenses to be

6  paid from the Settlement Fund, the Court has considered and found that:

7           a)     The Settlement has created a fund of $12,000,000 in cash that has been

8  funded into escrow pursuant to the terms of the Settlement, and that numerous Class Members

9  who submit valid Claim Forms will benefit from the Settlement that occurred because of the

10  efforts of Lead Counsel;

11          b)     Copies of the Notice were mailed to over 13,700 potential Settlement

12  Class members and nominees stating that Lead Counsel would apply for attorneys' fees in the

13  amount of 25% of the Settlement Fund ($3,000,000) and reimbursement of Litigation Expenses

14  in an amount not to exceed $450,000 (Lead Counsel has actually incurred $ 436,879.91 in

15  Litigation Expenses), and there were no objections to the requested attorneys' fees and

16  expenses;

17          c)     Lead Counsel have conducted the litigation and achieved the Settlement

18  with skill, perseverance and diligent advocacy;

19          d)     The Action raised a number of complex legal and factual issues;

20          e)     Had Lead Counsel not achieved the Settlement there would remain a

21  substantial risk that Settlement Class members may have recovered less or nothing at all from

22  the Settling Defendants;

23          f)     Lead Counsel devoted approximately 1,400 hours to prosecuting this

24  action, with a lodestar value of approximately $853,000, to achieve the Settlement, which

25  expenditure is reasonable based on the Court's oversight of the case and the work described in

26  the Declaration of Steven M. Hecht in Support of (A) Lead Plaintiffs' Motion for Final

27

28

ORDER APPROVING
FEES AND EXPENSES
MASTER FILE No. 2:14-cv-2571-MCE-KJN

1  Approval of Class Action Settlement and Plan of Allocation, and (B) Lead Counsel's Motion

2  for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 95.)

3               g)      The amount of attorneys' fees awarded is fair and reasonable, and

4  consistent with the Ninth Circuit's benchmark as well as awards in similar cases.

5               h)      The expenses incurred by Lead Counsel were reasonable and necessary to

6  the effective prosecution of this action, and the amount of expenses to be reimbursed from the

7  Settlement Fund is fair and reasonable.

8       6.     Any appeal or any challenge affecting this Court's approval regarding any

9  attorneys' fees and expense application shall in no way disturb or affect the finality of the

10  Judgment.

11       7.     Exclusive jurisdiction is hereby retained over the parties and the members of the

12  Settlement Class for all matters relating to this Action, including the administration,

13  interpretation, effectuation or enforcement of the Stipulation and this Order.

14       8.     In the event that the Settlement is terminated or the Effective Date of the

15  Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent

16  provided by the Stipulation.

17       9.     There is no just reason for delay in the entry of this Order, and immediate entry

18  by the Clerk of the Court is expressly directed.

19       IT IS SO ORDERED.

20  Dated:  September 23, 2016

21

22                              MORRISON C. ENGLAND, JR

23                              UNITED STATES DISTRICT JUDGE

24

25

26

27

28

ORDER APPROVING
FEES AND EXPENSES
MASTER FILE No. 2:14-cv-2571-MCE-KJN