**LOWENSTEIN SANDLER LLP**
390 Lytton Avenue
Fax: 973-597-6233

*Counsel for Lead Plaintiffs Special Situations
    Fund III QP, L.P. and Special Situations
    Cayman Fund, L.P. and additional named
    Plaintiff David M. Fineman*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECIAL SITUATIONS FUND III QP, L.P., SPECIAL SITUATIONS CAYMAN FUND, L.P, and DAVID M. FINEMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>MARRONE BIO INNOVATIONS, INC., PAMELA G. MARRONE, JAMES B. BOYD, DONALD J. GLIDEWELL, HECTOR ABSI, ELIN MILLER, RANJEET BHATIA, PAMELA CONTAG, TIM FOGARTY, LAWRENCE HOUGH, JOSEPH HUDSON, LES LYMAN, RICHARD ROMINGER, SHAUGN STANLEY, SEAN SCHICKEDANZ, and ERNST & YOUNG LLP,<br><br>                    Defendants. | Master No.: 2:14-cv-2571-MCE-KJN<br><br>Hon. Morrison C. England, Jr.<br><br>CONSOLIDATED CLASS ACTION<br><br>**ORDER AND<br>FINAL JUDGMENT AS TO<br>SETTLING PARTIES** |

Palo Alto, CA 94301
Telephone: 213-426-2170

---

ORDER AND FINAL JUDGMENT AS TO SETTLING PARTIES
MASTER FILE No. 2:14-cv-2571-MCE-KJN

1    WHEREAS, a securities class action is pending in this Court entitled *Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc., et al.*, Master No. 14-cv-2571 (the "Action");

4    WHEREAS, (a) Lead Plaintiffs Special Situations Fund III QP, L.P. and Special Situations Cayman Fund, L.P., ("Lead Plaintiffs" or "The Funds"), and additional named Plaintiff David M. Fineman ("Fineman" and, together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the other members of the Settlement Class, and (b) Defendants Marrone Bio Innovations, Inc. ("MBI"), Pamela G. Marrone, James B. Boyd, Donald J. Glidewell, Hector Absi, Elin Miller, Tim Fogarty, Richard Rominger, Shaugn Stanley, Ranjeet Bhatia, Lawrence Hough, Joseph Hudson, Sean Schickedanz, Pamela Contag, and Les Lyman (collectively, the "Individual Defendants" or with MBI the "Settling Defendants," and together with Plaintiffs, the "Settling Parties"), have determined to partially settle claims asserted in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement with Individual Defendants dated June 16, 2016 (the "Stipulation), subject to the approval of the Court (the "Settlement");

16   WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

18   WHEREAS, by Order dated July 7, 2016 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

24   WHEREAS, due and adequate notice has been given to the Settlement Class;

25   WHEREAS, the Court has now considered among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice; and

1    WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed
2 and proceedings held herein in connection with the Settlement, all oral and written comments
3 received regarding the Settlement, and the record in the Action, and good cause appearing
4 therefor;

5    IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

6    1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action
7 and all matters relating to the Settlement, as well as personal jurisdiction over Plaintiffs, the
8 Defendants, and each of the Settlement Class Members.

9    2.    **Incorporation of Settlement Documents** – This Judgment incorporates and
10 makes a part hereof:  (a) the Stipulation filed with the Court on June 16, 2016; and (b) the
11 Notice and the Summary Notice, both of which were filed with the Court on July 7, 2016.

12    3.    **Class Certification for Settlement Purposes** – The Court hereby affirms its
13 determinations in the Preliminary Approval Order certifying, for Settlement purposes only, the
14 Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil
15 Procedure on behalf of a Settlement Class consisting of all persons and entities who or which (i)
16 purchased or otherwise acquired MBI securities directly in or traceable to the Company's
17 August 1, 2013 initial public offering pursuant to MBI's Form S-1 Registration Statement,
18 dated July 1, 2013, and its Prospectus, dated August 1, 2013, and were damaged thereby; (ii)
19 purchased or otherwise acquired MBI securities directly in or traceable to the Company's
20 secondary offering pursuant to MBI's Form S-1 Registration Statement, dated May 16, 2014,
21 and its Prospectus dated June 5, 2014, and were damaged thereby; and (iii) purchased or
22 otherwise acquired MBI securities on the open market between August 1, 2013 and November
23 10, 2015, inclusive, and were damaged thereby.  Excluded from the Settlement Class are
24 Defendants; members of the Immediate Family of each of the Individual Defendants; the
25 Officers and/or directors of MBI during the Settlement Class Period; and any firm, trust,
26 corporation, or other entity in which any Defendant has or had a controlling interest.
27 Certification of a class for purposes of Settlement shall have no effect on the Non-Settling
28

ORDER AND FINAL JUDGMENT
MASTER FILE No. 2:14-cv-2571-MCE-KJN

Defendant's ability to challenge the certification of a class on any grounds including, but not limited to, adequacy and typicality, on the merits in this case.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for Settlement purposes only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as the Class Representative for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*., as amended, and all other applicable law and rules.

6. MBI has filed a Declaration Regarding Compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  MBI timely mailed notice of the Stipulation pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America, and the Attorneys General of all states in which members of the Settlement Class

1  reside.  The notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-
2  (8).  The Court finds that MBI has complied in all respects with the requirements of 28 U.S.C.
3  § 1715.

4      7.    **<u>Final Approval and Dismissal of Claims</u>** – Pursuant to, and in accordance with,
5  Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the
6  Settlement set forth in the Stipulation in all respects (including, without limitation: the amount
7  of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the
8  claims provided for herein), and finds that the Settlement is, in all respects, fair, reasonable and
9  adequate to the Settlement Class.  The Settling Parties are directed to implement, perform and
10 consummate the Settlement in accordance with the terms and provisions contained in the
11 Stipulation.

12     8.    All of the claims asserted in the Action by Plaintiffs and the other Settlement
13 Class Members against the Settling Defendants are hereby dismissed with prejudice.  The
14 Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided
15 in the Stipulation.

16     9.    **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be
17 forever binding on the Settling Defendants, MBI, Plaintiffs and all other Settlement Class
18 Members (regardless of whether or not any individual Settlement Class Member submits a
19 Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their
20 respective successors and assigns.

21     10.    **<u>Releases</u>** – The Releases set forth in paragraphs 5 and 6 of the Stipulation,
22 together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are
23 expressly incorporated herein in all respects.  The Releases are effective as of the Effective
24 Date.  Accordingly, this Court orders that:

25     (a)    Without further action by anyone, and subject to paragraph 11 below,
26 upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class
27 Members, on behalf of themselves and their respective heirs, executors, administrators,
28 predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and

1    by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, the settlement, or the resolution of the Action, or the Released Claims, and the distribution or investment of the Settlement Fund, whether or not such Settlement Class member executes and delivers the Proof of Claim and Release and whether or not such Settlement Class Member shares in the Settlement Fund.  This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(q) of the Stipulation).

(b)    Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees (including, without limitation, Unknown Claims), and shall forever be barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

11.    Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Settling Parties or MBI to enforce or effectuate the terms of the Stipulation or this Judgment.

12.    All Persons, including, but not limited to, Plaintiffs, on behalf of themselves and the Settlement Class, and the Non-Settling Defendant, shall be enjoined and barred from commencing or continuing any claim, cross-claim, third-party claim, claim over, or action in

ORDER AND FINAL JUDGMENT
MASTER FILE No. 2:14-cv-2571-MCE-KJN

-5-

1 any forum against the Defendants' Releasees, seeking, as damages, indemnity, contribution, or
2 otherwise, the recovery of all or part of any liability or settlement which such persons (i) paid,
3 (ii) were obligated to pay or agreed to pay, or (iii) may become obligated to pay to the
4 Settlement Class, as a result of such persons' liability for or participation in any acts, facts,
5 statements or omissions that were or could have been alleged in the Action.  The Defendants'
6 Releasees shall thus be released and discharged from all claims for indemnity or contribution or
7 any other claim, however denominated, against the Defendants' Releasees that have been or
8 may hereafter be brought by any Person, whether arising under state, federal, foreign or
9 common law as claims, cross-claims, counterclaims, or third-party claims, in any state, federal,
10 or foreign court, arbitration proceeding, administrative agency, or other forum in the United
11 States or elsewhere, based upon, arising out of, relating to, or in connection with the Released
12 Claims, and all such claims are permanently barred, and any Person seeking to bring such
13 claims is permanently enjoined from doing so.  In addition, the Settling Defendants and
14 Defendants' Releasees shall be enjoined and barred from commencing or continuing any claim,
15 cross-claim, third-party claim, claim over, or action in any forum against the Non-Settling
16 Defendant, including its current and former officers, partners, principals, directors, agents,
17 parents, affiliates, other member firms, subsidiaries, successors, predecessors, assigns,
18 assignees, employees, Immediate Family, insurers and reinsurers, and attorneys, in their
19 capacities as such, seeking, as damages, indemnity, contribution, or otherwise, the recovery of
20 all or part of any liability or settlement which the Settling Defendants or Defendants' Releasees
21 (i) paid, (ii) were obligated to pay or agreed to pay, or (iii) may become obligated to pay to the
22 Settlement Class, as a result of liability for or participation in any acts, facts, statements or
23 omissions that were or could have been alleged in the Action.

24      13. Accordingly, as provided by Section 21D(f)(7)(A) of the Private Securities
25 Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(f)(7)(A), and other applicable
26 law, the Court hereby bars all claims by and against the Released Persons as provided herein
27 and in the Settlement Agreement.

28

ORDER AND FINAL JUDGMENT
MASTER FILE No. 2:14-cv-2571-MCE-KJN

14. Any final verdict or judgment obtained by or on behalf of Plaintiffs or the Settlement Class against any Person, other than the Released Persons, relating to the Released Claims, shall be reduced by the greater of (i) an amount that corresponds to the percentage of responsibility of the Released Persons, or (ii) the amount paid by or on behalf of the Released Persons in the Settlement (the "Judgment Reduction"). For purposes of calculating the Judgment Reduction only, the allocation of the settlement amount between the Section 11 and Section 10(b) claims set forth in the Settlement shall not preclude the Non-Settling Defendant from arguing for a larger reduction with respect to the Section 11 claims than would be provided by the allocation in the Settlement for purposes of the credit provided by Paragraph 14(ii) herein. If the Non-Settling Defendant argues for a larger reduction with respect to the Section 11 claims than would be provided by the allocation in the Settlement for purposes of the credit provided by Paragraph 14(ii), Plaintiffs reserve all rights to argue that the credit provided by Paragraph 14(ii) is binding on the Non-Settling Defendant and Plaintiffs shall not be precluded from challenging the amount of the Paragraph 14(ii) credit that may be sought by the Non-Settling Defendant.

15. **Rule 11 Findings** – The Court finds and concludes that Plaintiffs and the Defendants and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with institution, prosecution, defense and/or settlement of this Action.

16. **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the

validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or this Judgment;

(b)     shall be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or this Judgment;

(c)     shall be offered or construed as evidence that a class should or should not be certified in the Action if the Settlement is not consummated; or

(d)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount that could be or would have been recovered after trial;

*provided, however*, that the Settling Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

17.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) Plaintiffs and the Settling Defendants for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be

1  paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any
2  motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all
3  matters relating to the Action.

4      18.    Separate orders shall be entered regarding approval of a plan of allocation and
5  the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation
6  Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not
7  affect or delay the Effective Date of the Settlement.

8      19.    **Modification of the Agreement of Settlement** – Without further approval from
9  the Court, the parties to the Stipulation are hereby authorized to agree to and adopt such
10 amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the
11 Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially
12 limit the rights of Settlement Class Members in connection with the Settlement. Without
13 further order of the Court, the parties to the Stipulation may agree to reasonable extensions of
14 time to carry out any provisions of the Settlement.

15     20.    **Termination of Settlement** – If the Settlement is terminated as provided in the
16 Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall
17 be vacated, rendered null and void and be of no further force and effect, except as otherwise
18 provided by the Stipulation, and this Judgment shall be without prejudice to the rights of
19 Plaintiffs, the other Settlement Class Members, the Settling Defendants, and the Settling Parties
20 shall revert to their respective litigation positions in the Action as of immediately prior to April
21 4, 2016, as provided in the Stipulation.

22
23
24
25
26
27
28

ORDER AND FINAL JUDGMENT
MASTER FILE No. 2:14-cv-2571-MCE-KJN

21. **Entry of Final Judgment** – The Court directs immediate entry of this Final Judgment as to the Settling Parties by the Clerk of the Court.

IT IS SO ORDERED.

Dated: September 23, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE