UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECIAL SITUATIONS FUND III QP, L.P., SPECIAL SITUATIONS CAYMAN FUND, L.P. and DAVID M. FINEMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARRONE BIO INNOVATIONS, INC., PAMELA G. MARRONE, JAMES B. BOYD, DONALD J. GLIDEWELL, HECTOR ABSI, ELIN MILLER, RANJEET BHATIA, PAMELA CONTAG, TIM FOGARTY, LAWRENCE HOUGH, JOSEPH HUDSON, LES LYMAN, RICHARD ROMINGER, SHAUGN STANLEY, SEAN SHICKEDANZ, and ERNST & YOUNG LLP,<br><br>Defendants. | No. 2:14-cv-2571-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Plaintiffs in this consolidated class action charge Defendant Marrone Bio Innovations, Inc. ("Marrone Bio"), certain of its officers and directors, and its public auditor, Ernst & Young ("EY"), with violating federal securities laws. Plaintiffs allege they were defrauded of millions of investment dollars based on the financial reporting fraud of

Marrone Bio and Defendant Hector Absi, its Chief Operating Officer and head of sales. Plaintiffs reached a settlement with Marrone Bio and its officers and directors, and final judgment was entered as to that settlement on September 27, 2016. EY moved to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6), which this Court denied in a Memorandum and Order filed on March 21, 2017. ECF No. 106. EY now moves for reconsideration of the Court's March 21, 2017 order, based on what EY claims are material changes in the relevant law as a result of the Ninth Circuit's May 5, 2017, issuance of its decision in City of Dearborn Heights Act 345 Police & Fire Retir. Sys. v. Align Tech., Inc., 856 F.3d 605 (9th Cir. 2017) ("Align"). ECF No. 113-1. EY also moves in the alternative to certify an interlocutory appeal. For the following reasons, EY's Motion to Reconsider or in the Alternative Certify an Interlocutory Appeal is DENIED.[1]

## BACKGROUND[2]

Marrone Bio is a biotech company that provides pest management and plant health products. After completing an initial public offering in August 2013, the company's stock was traded on the NASDAQ under the ticker symbol "MBII." At the end of 2013, Marrone Bio filed its 10-K, reporting that its revenues had doubled over the prior year. The company continued to report strong results in the first quarter of 2014, and in June of that year it undertook a Secondary Offering of 4.575 million shares of common stock at a price of $9.50 per share. That offering was conducted pursuant to a Registration Statement that was filed with the Securities and Exchange Commission ("SEC") and was declared effective on June 5, 2014. Lead Plaintiffs purchased 140,000 shares directly out of the Secondary Offering.

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[2] Unless otherwise noted, the following facts are taken, at time verbatim, from Plaintiffs' Third Amended Complaint.

2

On September 3, 2014, Marrone Bio issued a press release, which was also filed with the SEC, revealing that Marrone's Audit Committee had discovered documents calling into question the recognition of certain material revenue in the fourth quarter of 2013. Following that discovery, the Audit Committee conducted an internal investigation and determined that the financials reported for 2013 and the first half of 2014 should not have been relied upon by investors. This made the Registration Statement, under which shares had been sold, materially false. Marrone Bio shares thereafter fell in value by at least $2.85 per share. Lead Plaintiffs suffered losses in excess of $3 million as a result of this decrease in the value of Marrone Bio's stock.

Various parties brought suit against Marrone Bio as a result of the Audit Committee's revelation, and the Court consolidated the resultant cases pending in the Eastern District of California. ECF No. 18 at 8. The SEC and the United States Department of Justice ("DOJ") also filed suits in connection with this fraud. ECF No. 58 at 1. The SEC brought suit against Marrone Bio and Absi for securities violations, while the DOJ indicted Absi on sixteen counts, including counts of securities fraud. Id. Plaintiffs were granted leave to amend their complaint in part because documents filed in connection with the SEC's and DOJ's suits provided additional bases for Plaintiffs' allegations. ECF No. 74 at 2.

EY had provided an audit opinion as part of the Registration Statement filed in connection with the Secondary Offering. That audit opinion stated, in part: "In our opinion, the financial statements [in the Registration Statement] present fairly, in all material respects, the consolidated financial position of Marrone Bio Innovations, Inc. . . . in conformity with U.S. generally accepted accounting principles." ECF No. 85-3 at 8. Plaintiffs allege that the audit report renders EY liable for any material misstatements of fact contained in the financial statements EY audited, pursuant to § 11 of the Securities Act of 1933. EY, on the other hand, contended in a Motion to Dismiss that the allegations in the Third Amended Complaint ("TAC"), ECF No. 76, were insufficient to set out a claim against it under that section. This Court denied EY's

Motion to Dismiss in a Memorandum and Order filed on March 21, 2017.  ECF No. 106.  Presently before the Court is EY's Motion to Reconsider or in the Alternative Certify an Interlocutory Appeal ("Motion").  ECF No. 113-1.  Plaintiffs filed an Opposition to EY's Motion, ECF No. 121, and EY filed a reply brief in support of its Motion.  ECF No. 123.

**STANDARD**

A motion for reconsideration is properly brought pursuant to either Federal Rule of Civil Procedure 59(e) or Rule 60(b).  Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989).  A motion for reconsideration is treated as a Rule 59(e) motion if filed within twenty-eight days of entry of judgment, but as a Rule 60(b) motion if filed more than twenty-eight days after judgment.  See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).  A motion may be construed as a Rule 59 motion even though it is not labeled as such, or not labeled at all.  Taylor, 871 F.2d at 805.  Since this motion is seeking reconsideration of a final judgment and was timely filed, the Court will treat it as a Rule 59(e) motion.

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988).  This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case."  United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)).  Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

While Rule 59(e) permits a district court to reconsider and amend a previous order, "the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  Kona Enter., Inc. v. Estate of Bishop,

| | |
|---|---|
| 1 | 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., Moore's |
| 2 | Federal Practice § 59.30(4) (3d ed. 2000)).  Indeed, a district court should not grant a |
| 3 | motion for reconsideration "absent highly unusual circumstances, unless the district court |
| 4 | is presented with newly discovered evidence, committed clear error, or if there is an |
| 5 | intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d |
| 6 | 656, 665 (9th Cir. 1999) (citing School Dist. No. 1J v. AcandS, Inc., 5 F.3d 1255, 1263 |
| 7 | (9th Cir. 1993)).  Mere dissatisfaction with the court's order, or belief that the court is |
| 8 | wrong in its decision, is not grounds for relief under Rule 59(e). Twentieth Century-Fox |
| 9 | Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). |
| 10 | Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration |
| 11 | to show the "new or different facts or circumstances claimed to exist which did not exist |
| 12 | or were not shown upon such prior motion, or what other grounds exist for the motion." |
| 13 | Finally, motions for relief from judgment pursuant to Rule 59(e) are addressed to the |
| 14 | sound discretion of the district court.  Turner v. Burlington N. Santa Fe R.R., 338 F.3d |
| 15 | 1058, 1063 (9th Cir. 2003). |
| 16 | In order to succeed, a party making a motion for reconsideration pursuant to |
| 17 | Rule 59(e) must "set forth facts or law of a strongly convincing nature to induce the court |
| 18 | to reverse its prior decision." Pritchen v. McEwen, No. 1:10-cv-02008-JLT HC, 2011 WL |
| 19 | 2115647, at *1 (E.D. Cal. May 27, 2011) (citing Kern-Tulare Water Dist. v. City of |
| 20 | Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on |
| 21 | other grounds, 828 F.2d 514 (9th Cir. 1987)).  A motion for reconsideration should not be |
| 22 | used to raise arguments or present evidence for the first time when the arguments or |
| 23 | evidence could reasonably have been raised earlier in the litigation.  389 Orange St. |
| 24 | Partners, 179 F.3d at 665. |
| 25 | Furthermore, "courts avoid considering Rule 59(e) motions where the grounds for |
| 26 | amendment are restricted to either repetitive contentions of matters which were before |
| 27 | the court on its prior consideration or contentions which might have been raised prior to |
| 28 | the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. |

1991); see also Taylor, 871 F.2d at 805. This position stems from the district courts' "concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp at 1009 (internal citations omitted). Rule 59(e) and motions for reconsideration are therefore not intended to "give an unhappy litigant one additional change to sway the judge." Frito-Lay of P.R., Inc. v. Canas, 92 F.R.D. 384, 390 (D.P.R. 1981) (quoting Durkin v. Taylor, 444 F. Supp. 226, 233 (N.D. Ohio 1967)).

## ANALYSIS

EY claims that the Ninth Circuit's Align decision changed the relevant legal landscape such that the Court must reconsider its March 21, 2017, order denying EY's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). According to EY, the Court should reconsider its decision for two primary reasons: first, that Align compels the Court to now rule that Plaintiffs did not sufficiently plead their claim for relief against EY; and second, that Plaintiffs cannot make out a prima facie case as to EY's liability under Section 11 in any event because the weight of authority supports the contrary conclusion. Finally, EY requests that, in the alternative to reconsideration, the Court certify that order for interlocutory appeal under 28 U.S.C. § 1292.

### A. The Ninth Circuit's Align Decision Does Not Affect This Court's Determination That Plaintiffs Sufficiently Pled Their Claims For Relief Against EY.

Section 11 of the Securities Act of 1933 provides that companies issuing securities ("issuers") can be held liable for "material misstatements or omissions in registration statements." Omnicare, Inc. v. Laborers Dist. Council Const. Ind. Pension Fund, 135 S. Ct. 1318, 1323 (2015). Purchasers of stock have a right of action against an issuer if the issuer included such a material misstatement or omission in the relevant registration statement. Id. Issuers are exposed to liability "not for 'untrue statements' . . . but only for 'untrue statements of fact.'" Id. at 1326-27. "A sincere statement of pure opinion is not an 'untrue statement of material fact,' regardless

whether an investor can ultimately prove the belief wrong." Id. at 1327.  However, if a sincere statement of opinion omits a material fact, such that the opinion would be misleading to an ordinary investor, the issuer may be liable under an omissions theory. Id. at 1327-28.

In Omnicare, the Supreme Court articulated the pleading standard for claims under this omissions approach.  To state such a claim, a plaintiff must do more than allege "only that an opinion was wrong; the complaint must as well call into question the issuer's basis for offering the opinion." Id. at 1332.  This requires that the investor identify in the complaint "particular (and material) facts going to the basis for the issuer's opinion—facts about the inquiry the issuer did or did not conduct or the knowledge it did or did not have—whose omissions makes the opinion statement at issue misleading to a reasonable person reading the statement fairly and in context." Id.  In Align, the Ninth Circuit clarified the three methods of establishing falsity in an opinion statement, noting that these are well-established in the Ninth Circuit and in line with Omnicare: "(1) the statement is not actually believed, (2) there is no reasonable basis for the belief, or (3) the speaker is aware of undisclosed facts tending seriously to undermine the statement's accuracy." Align, 856 F.3d at 616.  The plaintiff must allege the "actual assumptions that [the defendant] relied upon" in putting together the opinion statement in question. Id. at 618.  The Ninth Circuit specified, "We thus hold that to the extent our current standard permits plaintiffs to plead falsity by alleging that 'there is no reasonable basis for the belief' under a material misrepresentation theory of liability, it is 'clearly irreconcilable' with Omnicare, and is therefore overruled." Id. at 616.

EY claims that Align presents such an intervening change in the controlling law that it warrants reconsideration of the Court's order denying EY's motion to dismiss.  EY apparently takes the Ninth Circuit's above-quoted language to mean that the Align opinion overrules the pleading standard this Court found Plaintiffs to satisfy.  In its motion, EY proceeds to reanalyze the sufficiency of Plaintiffs' pleadings, revisiting arguments originally aired in its Motion to Dismiss.  However, EY's interpretation of Align

7

misses the mark. The case does not present an intervening change in the controlling law, but rather serves to confirm that the Omnicare standard is the proper standard for pleading falsity of opinion statements in this circuit. Indeed, at least one court in the Northern District of California has reached the same conclusion, in a case where another defendant made an argument nearly identical to EY's current claim. That defendant also argued that Align provided a new pleading standard for falsity of opinion statements that the plaintiff had not met in its complaint, thus necessitating dismissal. As here, that court disagreed, reasoning that "Align is not—as Defendants claim—a change in the controlling law. Rather, Align simply confirms that Omnicare… is the governing law." In re Leapfrog Enterprise, Inc. Securities Litigation, 2017 WL 4877451, at *1.

In sum, Align has no effect on this Court's prior finding that Plaintiffs sufficiently pled their claims against EY. Therefore, it does not provide an intervening change in the controlling law that would warrant reconsideration. The Court thus need not, and does not, address EY's substantive claims revisiting its previously raised challenges to the sufficiency of Plaintiffs' pleadings. EY's Motion for Reconsideration is therefore DENIED on this basis.

### B. EY Has Not Shown The Requisite "Clear Error" Warranting That This Court Grant Its Motion For Reconsideration Of The Prior Order.

As laid out above, one of the bases warranting reconsideration of an order is "clear error" in that order. 389 Orange St., 179 F.3d at 665. A party's mere dissatisfaction with the court's order is not sufficient to warrant reconsideration under Rule 59(e). Dunnahoo, 637 F.2d at 1341. EY here contends that the Court should reconsider the portion of its order finding that EY's audit report was effectively a "certification" of Marrone Bio's financial statements, resulting in EY's liability under Section 11, for two main reasons: first, the Court relied on cases that are not "good law;" and second, the Court's reasoning ran "contrary to the plain language of the statute." ECF No. 113-1 at 9.

///

EY's first argument, that the Court relied on out-of-circuit case law and failed to improperly distinguish Querub v. Moore Stevens H.K., 649 F. App'x 55 (2d Cir. 2016), does not warrant reconsidering the Court's decision. Instead, on a motion for reconsideration, "a movant must demonstrate a wholesale disregard, misapplication, or failure to recognize controlling precedent." Garcia v. Biter, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. July 18, 2016) (internal citations omitted). Here, EY has done no more than rehash the same case law it presented in its Motion to Dismiss, but now under the guise of a Motion for Reconsideration. EY has not shown that the Court demonstrated a "wholesale disregard, misapplication, or failure to recognize controlling precedent" in referencing out-of-circuit cases or distinguishing Querub; rather, EY has only demonstrated one of the many bases for its own disagreement and dissatisfaction with the Court's order denying its Motion to Dismiss. Reference to out-of-circuit district court cases is entirely appropriate and within the Court's discretion, as is distinguishing the present case from a nonbinding and legally inapposite Court of Appeals decision like Querub. EY's Motion for Reconsideration thus fails on this basis.

EY next contends reconsideration is justified because the Court's reasoning ran "contrary to the plain language of the statute." EY cites no case law in support of this assertion, and instead provides only its own alternative interpretation of the statute that would resolve the case in its favor. EY's arguments here once again amount to no more than a mere disagreement with the Court's order, and therefore EY has not shown the clear error necessary to warrant reconsideration. EY's Motion for Reconsideration fails here as well.

### C. Interlocutory Appeal Is Also Inappropriate At This Point, Because EY Fails To Demonstrate Both A "Controlling Question Of Law" And "Substantial Ground For Difference Of Opinion" As To That Question.

A district court may certify an issue for interlocutory appeal to the Circuit Court of Appeals if the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of

the litigation...." 28 U.S.C. § 1292(b). "Only exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Borelli v. Black Diamond Aggregates, Inc., 2018 WL 1518678, at *2 (E.D. Cal. Mar. 28, 2018) (quoting Duarte Nursery, Inc. v. U.S. Army Corps of Eng'rs, 2017 WL 1105993, at *7 (E.D. Cal. Mar. 25, 2017)).

The decision to certify an order for interlocutory appeal is committed to the sound discretion of the district court. Swint v. Chambers County Comm'n, 514 U.S. 35, 46-47 (1995). In order to qualify for certification under 28 U.S.C. § 1292(b), a district judge must be convinced that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. A "controlling question of law" is one that "does not concern the facts of the case," but rather should be a "'pure' or 'abstract' legal issue" that the appellate court "could decide 'quickly and cleanly without even having to study the record.'" Borelli, 2018 WL 1518678, at *2 (quoting Weiner v. Ocwen Fin. Corp., 2017 WL 2797856, at *4 (E.D. Cal. June 28, 2017)). Next, if the movant satisfies that first requirement, the movant must also show that there is a substantial ground for differences of opinion as to the controlling question of law. To make this showing, it is not enough that the movant demonstrate that "settled law might be applied differently, a party strongly disagrees with the court's decision, or there is a dearth of case law contradicting the court's decision." Id. at *3 (internal citations omitted). Instead, the movant must show that "reasonable jurists might disagree on an issue's resolution," not just that reasonable jurists "have already disagreed." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011). Further, courts are even more hesitant to certify a question for interlocutory appeal when the movant seeks to challenge the sufficiency of the plaintiff's pleadings, as EY does here. See, e.g., In re Facebook, Inc., IPO Securities and Derivative Litigation, 986 F. Supp. 2d 524, 530 (S.D.N.Y. Mar. 13, 2014). "[A] reversal on interlocutory appeal
///

could at most lead only to a remand for repleading, with possibilities of further interlocutory appeals thereafter." Id. at 530.

In its Motion for Reconsideration, EY writes, "There can be no doubt that the matters that EY raises for appeal are controlling questions of law—if EY is correct, this case is over." ECF No. 113-1 at 12. However, as Plaintiffs point out in their Opposition, EY's statement does not satisfy the standard. As laid out above, the "controlling question of law" does not refer to how dispositive the particular issue is to the resolution of the case, but rather to whether the question is one of pure law that the Court of Appeals could resolve with minimal reliance on the record. Borelli, 2018 WL 1518678, at *2. However, even if EY had properly addressed whether a controlling question of law exists, it would fail to meet this requirement. Per EY's characterization, its desired interlocutory appeal would result in "a determinative Ninth Circuit ruling on whether Plaintiffs properly pleaded falsity and certification." ECF No. 113-1 at 12. This would require the Court of Appeals to thoroughly review Plaintiffs' TAC and the many documents EY filed in support of its Motion to Dismiss, turning the appellate court's decision into a fact-intensive inquiry inappropriate for interlocutory appeal.

Moreover, and in any event, EY has not shown the requisite substantial ground for differences of opinion. EY points only to differing district court orders on the issue of whether an auditor's certification of financial statements can subject it to Section 11 liability. In sum, EY contends, "The fact that two district courts have come to opposite conclusions about Plaintiffs' certification theory shows that a § 1292(b) certification is appropriate." ECF No. 113-1 at 12. However, the fact that courts "have already disagreed," Reese, 643 F.3d at 688, is not enough to warrant certifying an interlocutory appeal, and EY's request is DENIED.

///

///

///

///

11

**CONCLUSION**

For the foregoing reasons, EY's Motion for Reconsideration or in the Alternative to Certify an Interlocutory Appeal is DENIED.  A scheduling order shall issue shortly.

IT IS SO ORDERED.

Dated:  June 28, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE