**LOWENSTEIN SANDLER LLP**
390 Lytton Avenue
Palo Alto, CA 94301
Telephone: 650-433-5800
Fax: 650-328-2799

*Counsel for Lead Plaintiffs Special Situations
Fund III QP, L.P. and Special Situations
Cayman Fund, L.P.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECIAL SITUATIONS FUND III QP, L.P., SPECIAL SITUATIONS CAYMAN FUND, L.P, and DAVID M. FINEMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MARRONE BIO INNOVATIONS, INC., PAMELA G. MARRONE, JAMES B. BOYD, DONALD J. GLIDEWELL, HECTOR ABSI, ELIN MILLER, RANJEET BHATIA, PAMELA CONTAG, TIM FOGARTY, LAWRENCE HOUGH, JOSEPH HUDSON, LES LYMAN, RICHARD ROMINGER, SHAUGN STANLEY, SEAN SCHICKEDANZ, and ERNST & YOUNG LLP,<br><br>Defendants. | Master No.: 2:14-cv-2571-MCE-KJN<br><br>Hon. Morrison C. England, Jr.<br><br>CONSOLIDATED CLASS ACTION<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

| | |
|---|---|
| 1 | WHEREAS, a securities class action is pending in this Court entitled *Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc., et al.*, Master No. 14-cv-2571 (the "Action"); |
| 2 | |
| 3 | WHEREAS, Lead Plaintiffs Special Situations Fund III QP, L.P. and Special Situations Cayman Fund, L.P. ("Lead Plaintiffs" or "the Funds"), on behalf of themselves and the other members of the EY Settlement Class, and Defendant Ernst & Young LLP ("EY" or the "Settling Defendant," and together with Lead Plaintiffs, the "Settling Parties"), have determined to settle all claims asserted in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated January 12, 2019 (the "EY Stipulation), subject to the approval of the Court (the "EY Settlement"); |

1  WHEREAS, a securities class action is pending in this Court entitled *Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc., et al.*, Master No. 14-cv-2571 (the "Action");

2  

3  WHEREAS, Lead Plaintiffs Special Situations Fund III QP, L.P. and Special Situations

4  Cayman Fund, L.P. ("Lead Plaintiffs" or "the Funds"), on behalf of themselves and the other

5  members of the EY Settlement Class, and Defendant Ernst & Young LLP ("EY" or the "Settling

6  Defendant," and together with Lead Plaintiffs, the "Settling Parties"), have determined to settle

7  all claims asserted in the Action with prejudice on the terms and conditions set forth in the

8  Stipulation and Agreement of Settlement dated January 12, 2019 (the "EY Stipulation), subject

9  to the approval of the Court (the "EY Settlement");

10  WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules

11  of Civil Procedure, for an order preliminarily approving the EY Settlement in accordance with

12  the EY Stipulation, certifying the Settlement Class for purposes of the EY Settlement only, and

13  allowing notice to EY Settlement Class Members as more fully described herein;

14  WHEREAS, the Court has read and considered: (a) the Third Consolidated Amended

15  Class Action Complaint for Violations of the Federal Securities Law filed in this Action on or

16  about June 2, 2016; (b) Lead Plaintiffs' motion for preliminary approval of the EY Settlement,

17  and the papers filed and arguments made in connection therewith; and (b) the EY Stipulation and

18  the exhibits attached thereto; and

19  WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall

20  have the same meanings as they have in the EY Stipulation;

21  NOW THEREFORE, IT IS HEREBY ORDERED:

22  1. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3)

23  of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the

24  proposed EY Settlement, an EY Settlement Class consisting of all persons and entities who or

25  which purchased or otherwise acquired MBI common stock directly in or traceable to the

26  Company's secondary offering pursuant to MBI's Form S-1 Registration Statement, dated May

27  16, 2014, and its Prospectus dated June 5, 2014, and were damaged thereby.  Excluded from the

28  EY Settlement Class are MBI, EY, and the Individual Defendants; the Officers, directors, agents,

| | |
|---|---|
| 1 | parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, |
| 2 | Immediate Family, insurers and reinsurers, and attorneys of each of MBI and EY, in their |
| 3 | capacities as such; any firm, trust, corporation, or other entity in which MBI, EY, and/or the |
| 4 | Individual Defendants has or had a controlling interest; and any persons or entities that exclude |
| 5 | themselves by submitting a request for exclusion that is accepted by the Court as valid. |
| 6 | 2. **Class Findings** – Solely for purposes of the proposed settlement of this Action, |
| 7 | the Court finds that each element required for certification of the Settlement Class pursuant to |
| 8 | Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the EY |
| 9 | Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) |
| 10 | there are questions of law and fact common to the EY Settlement Class which predominate over |
| 11 | any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims |
| 12 | of the EY Settlement Class; (d) Lead Plaintiffs and Lead Counsel have fairly and adequately |
| 13 | represented and protected the interests of the EY Settlement Class and will continue to do so; and |
| 14 | (e) a class action is superior to other available methods for the fair and efficient adjudication of |
| 15 | the Action. |
| 16 | 3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules |
| 17 | of Civil Procedure, and for the purposes of the EY Settlement only, Lead Plaintiffs are adequate |
| 18 | class representatives and certifies Lead Plaintiffs as the Class Representatives for the EY |
| 19 | Settlement Class. The Court also appoints Lead Counsel as Class Counsel for the EY Settlement |
| 20 | Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. |
| 21 | 4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily |
| 22 | approves the EY Settlement, as embodied in the EY Stipulation, as being fair, reasonable and |
| 23 | adequate to the EY Settlement Class, subject to further consideration at the Settlement Hearing |
| 24 | to be conducted as described below. |
| 25 | 5. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement |
| 26 | Hearing") on July 11, 2019 at 2:00 p.m. in Courtroom 7 of the Robert T. Matsui United States |
| 27 | Court House, 501 I Street, Sacramento, CA 95814, for the following purposes: (a) to determine |
| 28 | whether the proposed EY Settlement on the terms and conditions provided for in the EY |

Stipulation is fair, reasonable and adequate to the EY Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the EY Stipulation should be entered dismissing the Action with prejudice against EY; (c) to determine whether the proposed Plan of Allocation for the proceeds of the EY Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the EY Settlement. Notice of the EY Settlement and the Settlement Hearing shall be given to EY Settlement Class Members as set forth in paragraph 8 of this Order.

6. The Court may adjourn the Settlement Hearing without further notice to the EY Settlement Class; may approve the proposed settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the EY Settlement Class; and may enter the Judgment or Alternate Judgment, if applicable, regardless of whether it has approved the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees or reimbursement of Litigation Expenses.

7. **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel are hereby authorized to retain Epiq (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed settlement as well as the processing of Claims as more fully set forth below. Notice of the EY Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

   a. not later than ten (10) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice, substantially in the forms attached hereto as Exhibit 1, to be mailed by first-class mail to potential EY Settlement Class Members who or which may be identified through reasonable effort including, but not limited to, from the names and address previously obtained for EY Settlement Class Members in connection with the MBI Settlement.

   b. contemporaneously with the mailing of the Notice, the Claims Administrator shall cause copies of the Notice to be posted on a website maintained by the Claims

| | |
|---|---|
| 1 | Administrator for the Action. Copies of the previously approved Plan of Allocation, which shall |
| 2 | also apply to the EY Settlement Class subject to the modifications noted in Paragraph 10a below, |
| 3 | will also be made available to EY Settlement Class Members on the website.[1] |
| 4 |       c.    not later than five (5) business days after the Notice Date, the Claims |
| 5 | Administrator shall cause the Summary Notice, substantially in the form attached hereto as |
| 6 | Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR* |
| 7 | *Newswire*; and |
| 8 |       d.    not later than seven (7) calendar days prior to the Settlement Hearing, Lead |
| 9 | Counsel shall serve on EY's Counsel and file with the Court proof, by affidavit or declaration, of |
| 10 | such mailing and publication. |
| 11 |    8.   **Approval of Form and Content of Notice** – The Court (a) approves, as to form |
| 12 | and content, the Notice and the Summary Notice, attached hereto as Exhibits 1 and 2, respectively; |
| 13 | and (b) finds that the mailing and distribution of the Notice and the publication of the Summary |
| 14 | Notice in the manner and form set forth in paragraph 7 of this Order: (i) is the best notice |
| 15 | practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the |
| 16 | circumstances, to apprise EY Settlement Class Members of the pendency of the Action, of the |
| 17 | effect of the proposed EY Settlement (including the Releases to be provided thereunder), of Lead |
| 18 | Counsel's motion for an award of attorney's fees and reimbursement of Litigation Expenses, of |
| 19 | their right to object to the EY Settlement and/or Lead Counsel's motion for attorneys' fees and |
| 20 | reimbursement of Litigation Expenses, of their right to exclude themselves from the EY |
| 21 | Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, |
| 22 | adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed |
| 23 | EY Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil |
| 24 | Procedure, the United States Constitution (including the Due Process Clause), the Private |
| 25 | Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*., as amended, and all other |

---

[1] All members of the EY Settlement Class were also members of the Secondary Offering class in connection with the MBI Settlement. Accordingly, the Plan of Allocation and the Proof of Claim form were mailed to all such persons and entities identified in connection with the MBI Settlement.

applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

      9.    **Nominee Procedures** – In connection with the previously disseminated notice concerning the MBI Settlement, brokers and other nominees ("Nominees") were advised that if, for the beneficial interest of any person or entity other than themselves, they purchased or otherwise acquired MBI common stock directly in or traceable to the Secondary Offering, they must either: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.

      a.    For Nominees who previously chose the first option (*i.e.*, elected to mail notices directly to beneficial owners), the Claims Administrator shall forward Notices to such Nominees for forwarding to the beneficial owners of MBI common stock purchased in or traceable to the Secondary Offering who submitted claims in connection with the MBI Settlement, and the Nominees shall within seven (7) calendar days of receipt of the Notices mail them to those beneficial owners.

      b.    For Nominees who previously chose the second option (i.e., provided a list of names and addresses of beneficial owners to the Claims Administrator), the Claims Administrator shall promptly mail a copy of the Notice to each of the beneficial owners of MBI common stock purchased in or traceable to the Secondary Offering who submitted claims in connection with the MBI Settlement whose names and addresses the Nominee previously supplied.

      c.    Nominees who elected or now elect to send the Notice to their beneficial owners shall send a statement to the Claims Administrator Confirming that the mailing was made.

      d.    Upon full compliance with this Order, Nominees who mail the Notice to beneficial owners, or who provide additional names and addresses of beneficial owners to the

1 Claims Administrator, may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses subject to review by the Court.

10. **Participation in the Settlement**

a. Plan of Allocation. The Plan of Allocation approved by the Court in its Order Approving Plan of Allocation and Net Settlement Fund, dated September 27, 2016 (ECF No. 105) shall be utilized for determining the allocation of the Net Settlement Fund to EY Settlement Class Members subject to the following modifications: (i) the Net Settlement Fund shall be added to "Fund #2: The Secondary Fund" referred to in Paragraph 57(b) of the Proposed Plan of Allocation, solely for distribution to Authorized Claimants who are EY Settlement Class Members; and (ii) the date "August 1, 2016" in Paragraph 66(D) of the Proposed Plan of Allocation shall be superseded and replaced by "May 24, 2019."

b. Proof of Claim Form:

i. Class Members who wish to participate in the EY Settlement and to be eligible to receive a distribution from the Net Settlement Fund who did not previously submit a Claim Form in the Action are considered Claimants under the EY Stipulation and must complete a Proof of Claim Form in accordance with the instructions contained therein and in the Notice.

ii. Class Members who filed a Proof of Claim Form in connection with the MBI Settlement are considered Prior Approved Claimants under the EY Stipulation and should not file another Claim Form as all transaction information regarding the Secondary Offering was required to be included in the Proof of Claim Form in connection with those settlements and that information will be used for purposes of calculating each EY Settlement Class Member's proportional share of the Net Settlement Fund.

iii. With respect to the release on page eight (8) of the Proof of Claim Form, the term "Settlement" shall be deemed to include the EY Settlement; the term "Stipulation"

shall be deemed to include the EY Stipulation; the term "Defendants" shall be deemed to include EY; the term "Defendants' Releasees" shall be deemed to include the EY Releasees; and the term "Released Plaintiffs' Claim" shall include the Released Lead Plaintiffs' Claims as that term is defined in the EY Stipulation.

    iv. Unless the Court orders otherwise, all Proof of Claim Forms must be postmarked no later than sixty (60) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Funds to the EY Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the EY Settlement.

  11. Each Proof of Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Proof of Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Proof of Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Proof of Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

  12. Any Claimant who or which does not timely and validly submit a Proof of Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the EY Stipulation and the EY Settlement and all proceedings, determinations, orders and judgments in

the Action relating thereto, including, without limitation, the Judgment, and the Releases provided for therein, whether favorable or unfavorable to the EY Settlement Class; and (d) shall be barred from commencing, maintaining or prosecuting any of the Released Lead Plaintiffs' Claims against each and all of EY's Releasees, as more fully described in the EY Stipulation and the Notice. Notwithstanding the foregoing, late Proof of Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13. **<u>Exclusion From the Settlement Class</u>** – Any member of the EY Settlement Class who wishes to exclude himself, herself or itself from the EY Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the EY Settlement Class must be mailed or delivered such that it is received no later than fourteen (14) calendar days prior to the Settlement Hearing, to: MBI Securities Litigation, c/o Epiq, P.O. Box 10287, Dublin, OH 43017-5887; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the EY Settlement Class in *Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc., et al.*, Master No. 14-cv-2571"; (iii) state the number of shares of MBI common stock that the person or entity requesting exclusion purchased/acquired and/or sold in connection with the Secondary Offering, as well as the number of shares, dates and prices for each such purchase and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court in a manner and with timing not inconsistent with EY's right to terminate the EY Settlement pursuant to the EY Stipulation. Lead Counsel are authorized to request from any person or entity requesting exclusion documentation sufficient to prove his, her or its purchases and/or sales of MBI common stock. Copies of all requests for exclusion shall be provided to EY's Counsel on a weekly basis, but in no event later than fourteen (14) calendar days prior to the Settlement Hearing.

14. Any person or entity that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the EY Settlement Class shall not be an EY Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15. Any EY Settlement Class Member that does not timely and validly request exclusion from the EY Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the EY Settlement Class; (b) shall be forever barred from requesting exclusion from the EY Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the EY Stipulation and EY Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the EY Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Lead Plaintiffs' Claims against any of EY's Releasees, as more fully described in the EY Stipulation and Notice.

16. **<u>Appearance and Objections at Settlement Hearing</u>** – Any EY Settlement Class Member that does not request exclusion from the EY Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and EY's Counsel, at the addresses set forth in Paragraph 17 below, such that it is received no later than fourteen (14) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any EY Settlement Class Member that does not enter an appearance will be represented by Lead Counsel.

17. Any EY Settlement Class Member that does not request exclusion from the EY Settlement Class may file a written objection to the proposed EY Settlement and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed EY Settlement and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no EY Settlement Class Member shall be heard or entitled

to contest the approval of the terms and conditions of the proposed EY Settlement and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and EY's counsel at the addresses set forth below such that they are received no later than fourteen (14) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Counsel for EY** |
|---|---|
| Lowenstein Sandler LLP<br>Attn: Lawrence M. Rolnick, Esq.<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 262-2700<br>Email: lrolnick@lowenstein.com | Mayer Brown LLP<br>Attn: Stanley J. Parzen, Esq.<br>71 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 782-0600<br>Email: sparzen@mayerbrown.com |

18. Any objections, filings and other submissions by the objecting EY Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the EY Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the EY Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of MBI common stock that the objecting EY Settlement Class Member purchased and/or sold, as well as the dates and prices of each such purchase and sale. Objectors that enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19. Any EY Settlement Class Member that does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed EY Settlement, the Judgment or Alternate Judgment, if applicable, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses

and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the EY Settlement, the Judgment or Alternate Judgment, if applicable, or the requested attorneys' fees and Litigation Expenses, and from otherwise being heard concerning the EY Settlement, the Judgment or Alternative Judgment, if applicable, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20. **Temporary Injunction** –Pending final determination of whether the EY Settlement should be approved, the Court bars and enjoins Lead Plaintiffs and all other members of the EY Settlement Class from commencing or prosecuting any and all of the Released Lead Plaintiffs' Claims against each and all of EY's Releasees.

21. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying EY Settlement Class Members and notifying them of the EY Settlement as well as in administering the EY Settlement shall be paid as set forth in the EY Stipulation.

22. **Net Settlement Fund** – The contents of the Net Settlement Fund held by Peapack-Gladstone Financial Corporation (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the EY Stipulation and/or further order(s) of the Court.

23. **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the EY Stipulation.

24. **Termination of Settlement** – If the EY Settlement is terminated as provided in the EY Stipulation, the EY Settlement is not approved, or the Effective Date of the EY Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the EY Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other EY Settlement Class Members, and

1    EY, and the Settling Parties shall revert to their respective litigation positions in the Action as of
2    immediately prior to October 24, 2018, as provided in the EY Stipulation.

3        25.    **Use of this Order** – Neither this Order, the EY Stipulation (whether or not
4    consummated), including the exhibits thereto, the negotiations leading to the execution of the EY
5    Stipulation, nor any proceedings taken pursuant to or in connection with the EY Stipulation and/or
6    approval of the EY Settlement (including any arguments proffered in connection therewith): (a)
7    shall be offered against any of EY's Releasees as evidence of, or construed as, or deemed to be
8    evidence of any presumption, concession, or admission by any of EY's Releasees with respect to
9    the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have
10   been asserted or the deficiency of any defense that has been or could have been asserted in this
11   Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any
12   kind of any of EY's Releasees or in any way referred to for any other reason as against any of
13   EY's Releasees, in any civil, criminal or administrative action or proceeding, other than such
14   proceedings as may be necessary to effectuate the provisions of the EY Stipulation; (b) shall be
15   offered against any of Lead Plaintiffs' Releasees as evidence of, or construed as, or deemed to be
16   evidence of any presumption, concession or admission by any of Lead Plaintiffs' Releasees that
17   any of their claims are without merit, that any of EY's Releasees had meritorious defenses, or that
18   damages recoverable under the Complaint would not have exceeded the Settlement Amount or
19   with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred
20   to for any other reason as against any of Lead Plaintiffs' Releasees, in any civil, criminal or
21   administrative action or proceeding, other than such proceedings as may be necessary to
22   effectuate the provisions of the EY Stipulation; (c) shall be offered or construed as evidence that
23   a class should or should not be certified in the Action if the EY Settlement is not consummated;
24   or (d) shall be construed against any of the Releasees as an admission, concession, or presumption
25   that the consideration to be given under the EY Settlement represents the amount that could be or
26   would have been recovered after trial; *provided, however*, that if the EY Stipulation is approved
27   by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to
28

effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the EY Settlement.

26. **Supporting Papers** – Lead Counsel shall file and serve the moving papers in support of the proposed EY Settlement and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than twenty-eight (28) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed EY Settlement.

IT IS SO ORDERED.

Dated: February 14, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE