**LOWENSTEIN SANDLER LLP**
390 Lytton Avenue
Palo Alto, CA 94301
Telephone: 213-426-2170
Fax: 973-597-6233

*Counsel for Lead Plaintiffs Special Situations Fund III QP, L.P. and Special Situations Cayman Fund, L.P.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECIAL SITUATIONS FUND III QP, L.P., SPECIAL SITUATIONS CAYMAN FUND, L.P, and DAVID M. FINEMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MARRONE BIO INNOVATIONS, INC., PAMELA G. MARRONE, JAMES B. BOYD, DONALD J. GLIDEWELL, HECTOR ABSI, ELIN MILLER, RANJEET BHATIA, PAMELA CONTAG, TIM FOGARTY, LAWRENCE HOUGH, JOSEPH HUDSON, LES LYMAN, RICHARD ROMINGER, SHAUGN STANLEY, SEAN SCHICKEDANZ, and ERNST & YOUNG LLP,<br><br>Defendants. | Master No.: 2:14-cv-2571-MCE-KJN<br><br>Hon. Morrison C. England, Jr.<br><br>CONSOLIDATED CLASS ACTION<br><br>**ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** |

| | |
|---:|---|
| 1 | WHEREAS, this matter came before the Court on Lead Counsel's motion for an award of |
| 2 | attorneys' fees and reimbursement of litigation expenses; |
| 3 | WHEREAS, the Court having considered all matters submitted to it; and it appearing that |
| 4 | notice of the motion substantially in the form approved by the Court was mailed to all Settlement |
| 5 | Class Members who or which could be identified with reasonable effort, and that a summary |
| 6 | notice of the motion substantially in the form approved by the Court was published in *The Wall* |
| 7 | *Street Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of the |
| 8 | Court; and the Court having considered and determined the fairness and reasonableness of the |
| 9 | proposed request for attorneys' fees and reimbursement of expenses, |
| 10 | NOW, THEREFORE, IT IS HEREBY ORDERED THAT: |
| 11 | 1. This Order incorporates by reference the definitions in the Stipulation and |
| 12 | Agreement of Settlement dated January 14, 2019 (the "Stipulation") (ECF No. 135-1) and all |
| 13 | capitalized terms not otherwise defined herein shall have the same meanings as set forth in the |
| 14 | Stipulation. |
| 15 | 2. The Court has jurisdiction to enter this Order, and over the subject matter of the |
| 16 | Action and all parties to the Action, including all EY Settlement Class Members. |
| 17 | 3. Notice of Lead Counsel's motion for an award of attorneys' fees and |
| 18 | reimbursement of Litigation Expenses was given to the EY Settlement Class Members who or |
| 19 | which could be identified with reasonable effort. The form and method of notifying the |
| 20 | Settlement Class of the motion satisfied the requirements of Rule 23 of the Federal Rules of Civil |
| 21 | Procedure, the United States Constitution (including the Due Process Clause), the Private |
| 22 | Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq.,* as amended, and all other |
| 23 | applicable law and rules, constituted the best notice practicable under the circumstances; and |
| 24 | constituted due and sufficient notice to all persons and entities entitled thereto. |
| 25 | 4. Lead Counsel are hereby awarded attorneys' fees in the amount of $255,750, and |
| 26 | $120,000 in reimbursement of Lead Counsel's litigation expenses (which fees and expenses shall |
| 27 | be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. |
| 28 | |

ORDER APPROVING
FEES AND EXPENSES
MASTER FILE No. 2:14-cv-2571-MCE-KJN

5.      In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

    a)   The Settlement has created a fund of $775,000 in cash that has been funded into escrow pursuant to the terms of the Settlement, and that numerous Class Members will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

    b)   Copies of the Notice were mailed to potential Settlement Class members and nominees stating that Lead Counsel would apply for attorneys' fees in the amount of 33% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $120,000, and there were no objections to the requested attorneys' fees and expenses;

    c)   Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

    d)   The Action raised a number of complex legal and factual issues;

    e)   Had Lead Counsel not achieved the Settlement there would remain a substantial risk that Settlement Class members may have recovered less or nothing at all from EY;

    f)   Lead Counsel devoted approximately 520 hours to prosecuting this action, with a lodestar value of approximately $295,000, to achieve the Settlement, which expenditure is reasonable based on the Court's oversight of the case and the work described in the Declaration of Lawrence M. Rolnick in Support of (A) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement, and (B) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, (ECF No. 145).

    g)   The amount of attorneys' fees awarded is fair and reasonable, and consistent with Ninth Circuit law as well as awards in similar cases.

    h)   The expenses incurred by Lead Counsel were reasonable and necessary to the effective prosecution of this action, and the amount of expenses to be reimbursed from the Settlement Fund is fair and reasonable.

6. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

7. Exclusive jurisdiction is hereby retained over the parties and the members of the Settlement Class for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

8. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

9. As there is no reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

Dated: July 24, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE