**LOWENSTEIN SANDLER LLP**
390 Lytton Avenue
Palo Alto, CA 94301
Telephone: 650-433-5800
Fax: 650-328-2799

*Counsel for Lead Plaintiffs Special Situations Fund III QP, L.P. and Special Situations Cayman Fund, L.P. and Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECIAL SITUATIONS FUND III QP, L.P., SPECIAL SITUATIONS CAYMAN FUND, L.P, and DAVID M. FINEMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MARRONE BIO INNOVATIONS, INC., PAMELA G. MARRONE, JAMES B. BOYD, DONALD J. GLIDEWELL, HECTOR ABSI, ELIN MILLER, RANJEET BHATIA, PAMELA CONTAG, TIM FOGARTY, LAWRENCE HOUGH, JOSEPH HUDSON, LES LYMAN, RICHARD ROMINGER, SHAUGN STANLEY, SEAN SCHICKEDANZ, and ERNST & YOUNG LLP,<br><br>Defendants. | Master No.: 2:14-cv-2571-MCE-KJN<br><br>Hon. Morrison C. England, Jr.<br><br>CONSOLIDATED CLASS ACTION<br><br>**ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT WITH DEFENDANT ERNST & YOUNG LLP** |

| | |
|---|---|
| 1 | WHEREAS, a securities class action is pending in this Court entitled *Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc., et al.*, Master No. 14-cv-2571 (the "Action"); |
| 3 | WHEREAS, Lead Plaintiffs Special Situations Fund III QP, L.P. and Special Situations Cayman Fund, L.P. ("Lead Plaintiffs" or "the Funds"), on behalf of themselves and the other members of the EY Settlement Class, and Defendant Ernst & Young LLP ("EY" or the "Settling Defendant," and together with Lead Plaintiffs, the "Settling Parties"), have determined to settle all claims asserted in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated January 14, 2019 (the "EY Stipulation), subject to the approval of the Court (the "EY Settlement"); |
| 10 | WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the EY Stipulation; |
| 12 | WHEREAS, by Order dated February 14, 2019 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the EY Settlement; (b) certified the Class solely for purposes of effectuating the EY Settlement; (c) ordered that notice of the proposed EY Settlement be provided to potential Class Members; (d) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed EY Settlement; and (e) scheduled a hearing regarding final approval of the EY Settlement; |
| 18 | WHEREAS, due and adequate notice has been given to the Class; |
| 19 | WHEREAS, the Court has considered, among other things, (a) whether the terms and conditions of the EY Settlement are fair, reasonable and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice; and |
| 23 | WHEREAS, the Court having reviewed and considered the EY Stipulation, all papers filed and proceedings held herein in connection with the EY Settlement, all oral and written comments received regarding the EY Settlement, and the record in the Action, and good cause appearing therefor; |

ORDER AND FINAL JUDGMENT
MASTER FILE No. 2:14-cv-2571-MCE-KJN

-1-

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action and all matters relating to the EY Settlement, as well as personal jurisdiction over Lead Plaintiffs, EY, and each of the EY Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the EY Stipulation filed with the Court on January 24, 2019; and (b) the Notice and the Summary Notice, both of which were filed with the Court on January 24, 2019.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for settlement purposes only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a settlement class consisting of all persons and entities who or which purchased or otherwise acquired MBI common stock directly in or traceable to the Company's secondary offering pursuant to MBI's Form S-1 Registration Statement, dated May 16, 2014, and its Prospectus dated June 5, 2014, and were damaged thereby. Excluded from the EY Settlement Class are MBI, EY, and the Individual Defendants; the Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, Immediate Family, insurers and reinsurers, and attorneys of each of MBI and EY, in their capacities as such; any firm, trust, corporation, or other entity in which MBI, EY, and/or the Individual Defendants has or had a controlling interest; and any persons or entities that exclude themselves by submitting a request for exclusion that is accepted by the Court as valid.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for settlement purposes only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiffs as the Class Representative for the EY Settlement Class and appointing Lead Counsel as Class Counsel for the EY Settlement Class. Lead Plaintiffs and Lead Counsel have fairly and adequately represented the EY Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the EY

1    Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and
2    23(g), respectively.

3        5.    **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise EY Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed EY Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the EY Settlement and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the EY Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed EY Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*., as amended, and all other applicable law and rules.

    6.    EY has filed a Declaration Regarding Compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. EY timely mailed notice of the EY Stipulation pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America, and the appropriate regulatory authorities of all states in which members of the Settlement Class reside. The notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court finds that EY has complied in all respects with the requirements of 28 U.S.C. § 1715.

    7.    **Final Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the EY Settlement set forth in the EY Stipulation in all respects (including, without limitation: the amount of the EY Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims provided for herein), and finds that the EY Settlement is, in all respects, fair,

reasonable and adequate to the EY Settlement Class. The Settling Parties are directed to implement, perform and consummate the EY Settlement in accordance with the terms and provisions contained in the EY Stipulation.

8. All of the claims asserted in the Action by Lead Plaintiffs and the other EY Settlement Class Members against EY are hereby dismissed with prejudice. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the EY Stipulation.

9. **Binding Effect** – The terms of the EY Stipulation and of this Judgment shall be forever binding on EY, Lead Plaintiffs, and all other EY Settlement Class Members (regardless of whether or not any individual EY Settlement Class Member seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

10. **Releases** – The Releases set forth in paragraphs 6 and 7 of the EY Stipulation, together with the definitions contained in paragraph 1 of the EY Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the EY Settlement, Lead Plaintiffs and each of the other EY Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Lead Plaintiffs' Claim against EY and EY's Releasees, and shall forever be barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any or all of Lead Released Plaintiffs' Claims against any of EY's Releasees (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, the EY Settlement, or the resolution of the Action, or the Released Claims, and the distribution or investment of the Settlement Fund, whether or not such EY Settlement Class member executes the Release and whether or not such

EY Settlement Class Member shares in the Settlement Fund.  This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(n) of the EY Stipulation).

(b) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the EY Settlement, EY, on behalf of itself and its respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every EY Claim against Lead Plaintiffs and the other Lead Plaintiffs' Releasees (including, without limitation, Unknown Claims), and shall forever be barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any or all of the EY Claims against any of Lead Plaintiffs' Releasees.

11. Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the EY Stipulation or this Judgment.

12. **Rule 11 Findings** – The Court finds and concludes that Lead Plaintiffs and EY and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with institution, prosecution, defense and/or settlement of this Action.

13. **No Admissions** – Neither this Judgment, the EY Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the EY Stipulation, nor any proceedings taken pursuant to or in connection with the EY Stipulation and/or approval of the EY Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of EY's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of EY's Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could

have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of EY's Releasees or in any way referred to for any other reason as against any of EY's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the EY Stipulation or this Judgment;

(b) shall be offered against any of Lead Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of Lead Plaintiffs' Releasees that any of their claims are without merit, that any of EY's Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of Lead Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the EY Stipulation or this Judgment;

(c) shall be offered or construed as evidence that a class should or should not be certified in the Action if the EY Settlement is not consummated; or

(d) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the EY Stipulation represents the amount that could be or would have been recovered after trial; *provided, however*, that the Settling Parties and the Releasees and their respective counsel may refer to this Judgment and the EY Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the EY Settlement.

14. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) Plaintiffs and EY for purposes of the administration, interpretation, implementation and enforcement of the EY Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the

Settlement Fund; (d) any motion to approve the Class Distribution Order; and (e) the EY Settlement Class Members for all matters relating to the Action.

15. A separate order shall be entered regarding approval of the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such order shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the EY Settlement.

16. **Modification of the Agreement of Settlement** – Without further approval from the Court, the parties to the EY Stipulation are hereby authorized to agree to and adopt such amendments or modifications of the EY Stipulation or any exhibits attached thereto to effectuate the EY Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of EY Settlement Class Members in connection with the EY Settlement. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of the EY Settlement.

17. **Termination of Settlement** – If the EY Settlement is terminated as provided in the EY Stipulation or the Effective Date of the EY Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the EY Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs and EY, and the Settling Parties shall revert to their respective litigation positions in the Action as of immediately prior to October 24, 2018, as provided in the EY Stipulation.

18. **Entry of Final Judgment** – The Court directs immediate entry of this Final Judgment by the Clerk of the Court, and the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: July 24, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE